## FRANK BULLS v. STATE.

No. A-5093.   Opinion Filed Jan. 22, 1926.

(241 Pac. 605.)

A. M. Stewart and Wm. M. Williams, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.  The information in this case, in substance, charged that in Harmon county, May 16, 1923, the defendant, Frank Bulls, against the will and consent of Grace Wilhelm, and by force and violence, sufficient to overcome her resistance, did have sexual intercourse with

her (the said Grace Wilhelm), a female person, and not the wife of the said defendant. On the trial, the jury returned a verdict finding the defendant guilty of rape as charged in the information, and fixing the punishment at confinement in the penitentiary for a term of 15 years. He has appealed from the judgment rendered on the verdict.

The first assignment of error is that the evidence is insufficient to sustain the verdict, in that it does not show force overcoming resistance.

The prosecutrix testified: That she was visiting her brother, who lived about 3 miles southeast of the village of Vinson. That she was 17 years old. That the defendant was at the time driving the school truck. That she visited the school with her brother's children, riding with the defendant in the cab. That he told her he would see her some time that day. That evening, meeting the defendant at Moore's store in Vinson, he asked her to go with him to a party at his home that night, and said he would call at her brother's for her. That evening they started from her brother's in his buggy. Then he told her that there was not going to be a party and that they would go to prayer meeting. That on the road through Devil's Canyon he grabbed her and told her it would not be good for her to scream, and by force, overcoming her resistance, had sexual intercourse with her; that she fought to the very last. That her left arm was bruised where he gripped her with his hand, and in the struggle he tore her bloomers and her skirt. That he said, "If you ever tell this, it won't be good for you." That she told him she was going to get out and walk back to her brother's and he said. "You will not, you are going to prayer meeting with me."

Vera Wilhelm, sister-in-law of the prosecutrix, testified that she returned home that evening about 10 o'clock

and seemed to be troubled; that the next day she examined her underclothing and found that her bloomers and her skirt were torn.

Dr. J. C. McFadden testified that, on the request of the county attorney, he made an examination of prosecutrix, May 21st, and found a bilateral rupture of the hymen, that in his opinion was caused by an act of sexual intercourse; that it appeared to be recent; that he found bruised places above and below her elbow on the left arm.

Ed Smith, sheriff, testified: That with Officer Carrol he went to the home of the defendant on May 21st, and arrested him. That returning he had a conversation with the defendant in which he said that, if he had not quit this girl, she would not have said anything about this. That he told her he was 28 years old, did not want to marry, and, if she would give him a good time, he would quit his other girl and go with her, and she said she would, and a date was made to go to a party on Tuesday night. That on the road he proposed to have a good time, and she refused, but she told him if he would come back the next night she would carry out her promise, and the next night they started to prayer meeting, got about half a mile from Wilhelm's house, and he asked her, and she refused, and he stopped his horse and told her she promised him a good time, and wanted to know if she was mistaken in what he meant; if she was, and wanted to be a lady, he would take her back, and she never said anything but leaned over on him, and he said, "'I am taking it for granted that you want to do this as bad as I do and right here the thing is off." That here witness asked the defendant if he thought the girl would become a mother over his conduct towards her, and he said, "No; I didn't do anything but mess her up." Then Mr. Carrol asked him if he had intercourse with the girl, and he said, "Not over one inch penetration."

Then witness asked him if she ever consented, and the defendant said, "No; she fought me all the way through;" and he said to defendant, "It looks like she could not resist as large a man as you;" and the defendant said, "It is a bigger job than you think it is; every time I would start she would pull up her teddies and prevent me." That he then asked the defendant if he knew what he was talking about admitting that there was penetration, and that she resisted him, and the defendant said, "Yes; I realize that they caught me; it was a dirty deal."

The testimony of the defendant in his own behalf is as follows:

"I am 29 years old, I was raised here. On Tuesday evening Mrs. Oscar Wilhelm and Grace came into the store. I went to wait on them, and Grace asked me if there was a program at the school entertainment. I said, 'No,' but Wednesday night would be prayer meeting. She said maybe we had better get good and go. I told her all right; I would be down if it was so I could, and I said, 'Suppose we take a drive to-night.' She said, 'All right, we will call to see my cousin.' So we went to see her cousin. That night I told her that I was not wanting to marry and was out for a good time, that if she could not show me a good time it would be useless for me to come back, and she told me she could not do anything for me that night, but to come back. I went back the next night and asked her about the proposition just across Devil's Canyon; she would not do it."

A number of witnesses were called who testified to the defendant's good character as being a moral, upright man, and that they attended the prayer meeting and did not notice anything unusual in the appearance of the prosecutrix at prayer meeting that evening.

The testimony is voluminous, but the foregoing statement is sufficient to show that the jury was justified in finding that she resisted to the full extent of her ability, and that her resistance was overcome by force used by

the defendant. From the defendant's own testimony, it appears that he assaulted her with intent to rape, and he admitted to the officers that he overcame her resistance to the extent of accomplishing penetration. In our opinion, the testimony without any doubt is ample to sustain the conviction.

The instructions of the court submitted to the jury every element of the offense charged, and submitted the included offense of assault with intent to rape, and considered as a whole they were more favorable to the defendant than he had a right to demand.

Instruction No. 3, as given by the court, is in part as follows:

"But, in order to convict the defendant, the state must also establish, to your satisfaction, beyond a reasonable doubt, that the said prosecuting witness, Grace Wilhelm, resisted to her utmost capacity, and that her resistance was overcome by force and violence." (Defendant excepts. A. S. Wells, Judge.)

Defendant's requested instruction reads:

"You are instructed that, in cases of the character you are now considering, there must be evidence to show the utmost resistance on the part of the prosecutrix, and the utmost force to overcome such resistance on the part of the defendant, and you cannot convict the defendant of rape unless you find from the evidence beyond a reasonable doubt that the prosecutrix used all the force and means within her power to prevent the alleged rape, and that the defendant overcame such resistance by force and accomplished an act of sexual intercourse with the prosecutrix." (Refused, exception allowed. A. S. Wells, Judge.)

The old rule of "resistance to the uttermost" is obsolete, and is repudiated by the more modern authorities. The law does not require that the woman shall do more than her age, strength, the surrounding facts, and all attending circumstances make it reasonable for her to

do in order to manifest her opposition. In reference to the degree of resistance required, the jury should be instructed that it is necessary, not that the prosecutrix should have made the uttermost resistance, but that she has made such resistance as she was capable of making at the time. See 33 Cyc. 1506, and cases cited.

We have carefully considered the assignments of error based on exceptions reserved to rulings of the court in the course of the trial, and we are convinced that each and all of them are without merit.

It is claimed that the statement by the court in overruling the defendant's request to require the state to elect whether the case should be submitted to the jury under the question of force, overcoming resistance, or whether she was prevented by means of threats of immediate and great bodily harm, accompanied by apparent power of execution, preventing such resistance, was in effect a comment on the weight of the testimony.

The record shows that the remark complained of was not excepted to, and it further appears that the court in its instructions did in effect require an election on the part of the state by limiting the jury to rape by force overcoming resistance, as defined by subdivision 4, § 1834, C. S. 1921, and did not submit the issue under subdivision 5 of said section.

After a careful examination of the record, we conclude that there was no error which could have been prejudicial to the substantial rights of the defendant.

The judgment of the lower court is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.