## H. E. SNIDER v. STATE.

No. A-6198.   Opinion Filed June 2, 1928.
(267 Pac. 687.)

John L. Ward and L. O. Todd, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of rape in the first degree and was sentenced to serve a term of 15 years in the state penitentiary.

The defendant is charged with having committed rape by force upon the person of one Opal Bean, a female above the age of 18 years.   Several assignments of error are argued.   None of them have any particular merit except the assignment that the evidence is insufficient to sustain the verdict and judgment. An examination of the record discloses that at the time charged defendant was the driver of a jitney or service car in the city of Tulsa, of the age of about 25 years, and the prosecutrix was between the age of 18 and 19. At the time charged the prosecutrix was a passenger in the service car of defendant and when she reached the end of his run went with him for a drive. ·They drove some distance out of the city on a side road and there defendant had sexual intercourse with the prosecutrix.   The act of intercourse is admitted by defendant, who testified that the same

was accomplished without force and with the consent of the prosecutrix. In this state to constitute rape by force it is not essential that resistance be to the utmost, but need be only such as to make nonconsent and actual resistance reasonably manifest. Bulls v. State, 33 Okla. Cr. 64, 241 P. 605.

The state's case rests on the testimony of the prosecutrix and we believe that no impartial person after an examination of her testimony can conclude that any act of intercourse was had with her by force. In a prosecution for rape by force, where the testimony of prosecutrix is uncorroborated and her testimony is inconsistent with the claim of rape by force, but to the contrary discloses an act of intercourse by consent, the judgment of conviction should be reversed.

We think no good purpose would be served by setting out in detail the facts as testified to by prosecutrix. We are clearly of the opinion that they are wholly insufficient to sustain the judgment.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.