## ISAAC PENN v. STATE.

No. A-2378.    Opinion Filed May 15, 1917.

(164 Pac. 992.)

1.  STATUTES—Repeal of Statutes—Retrospective Operation—Con-
    stitutional Provisions. Section 54, art. 5, Constitution, provides:
    "The repeal of a statute shall not revive a statute previously
    repealed by such statute, nor shall such repeal affect any accrued
    right, or penalty incurred, or proceedings begun by virtue of such
    repealed statute." Above section construed in part, and held,
    "that statutes repealing penalties for offenses committed in this
    state operate prospectively and are applicable only to offenses
    committed after the statute became effective."

2.  INDICTMENT AND INFORMATION—Rape—Negativing Defen-
    sive Matter. Matters purely of defense need not be pleaded in the
    indictment or information. The latter sentence contained in sec-
    tion 2415, Rev. Laws 1910, creates a defense to the crime of rape
    committed on a female over the age of 14 years with her consent.
    It is not necessary to negative such defense in the indictment or
    information charging such crime.

3.  EVIDENCE—Evidence of Other Offenses—Subsequent Inter-
    course. In a prosecution for statutory rape, evidence of acts of

sexual intercourse between the prosecutrix and the defendant occurring subsequently and related in time to the act upon which the prosecution is based is admissible to show the intimate relation and familiarity of the parties and as corroborative of the ultimate fact sought to be proven.

4.    NEW TRIAL—Newly Discovered Evidence—Defense. It is not error for the court to overrule a motion for new trial based on newly discovered evidence, where it appears that by the exercise of due diligence the alleged evidence could have been elicited upon the trial.

5.    APPEAL AND ERROR—Burden of Showing Error—Assertion of Error. The burden of showing error rests upon the appellant, and it is the duty of counsel for appellant to clearly point out any errors in the court's instructions and support the same with argument and authority. Mere assertions of error contained in the brief cannot be considered, unless it is apparent to the court that there has been a probable miscarriage of justice and the substantial rights of the appellant have been injuriously affected by the instructions given.

*Appeal from District Court, Greer County;*
*G. A. Brown, Judge.*

Isaac Penn was convicted of the crime of statutory rape, and sentenced to imprisonment for five years, and he brings error. Affirmed.

*S. B. Garrett, E. M. Stewart, Jarrett Todd,* and *Wilkin B. Garrett,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J.    The defendant was convicted of the crime of statutory rape in the district court of Greer county, and sentenced to imprisonment in the state penitentiary for a term of five years, the information alleging the crime as defined by subdivision 2 of section 2414, Rev. Laws 1910. He took the witness stand in his own defense, and while virtually admitting the commission of the act pleaded that at the time the crime was committed he was under the age of 13 years, and was en-

titled to be acquitted under the provisions of section 2415, Rev. Laws 1910, which provides:

"No conviction for rape can be had against one who was under the age of fourteen years at the time of the act alleged unless his physical ability to accomplish penetration is proved as an independent fact and beyond a reasonable doubt. Nor can any person be convicted of rape on account of an act of sexual intercourse with a female over the age of fourteen years, with her consent, unless such person was over the age of eighteen years at the time of such act."

The latter sentence in said section became a part of the law of this state May 16, 1913.

This alleged offense was committed on May 9, 1913. The effect of the adoption in the 1910 Code of the foregoing provision of section 2415 was to repeal the preexisting penalty attached to the crime of rape committed upon a female over the age of 14 years with her consent should it appear that the person charged was not over the age of 18 years at the time such act was committed. After the taking effect of such provision, no matter how completely the act of sexual intercourse be proven, if it appeared that the prosecutrix was at the time of said act over 14 years of age and consented thereto, and the defendant was not over 18 years of age, there could be no conviction. The penalty theretofore existing for such an offense was entirely wiped out by the statute.

Now in this case it is contended that although the crime, if any, was committed prior to the taking effect of the statute, said statute being operative at the time of the trial, it was applicable to this prosecution. With this contention we cannot agree. Section 54, art. 5, Constitution (section 144, Williams') provides:

"The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute."

The very minute this crime was committed the defendant became amenable to the law as it then existed. He then and there by his own voluntary conduct incurred the penalty of that law, and the constitutional provision aforesaid prevents the Legislature of this state from wiping out penalties for crimes committed prior to the taking effect of a repealing statute.

At the time this act was committed the accused, although not over 18 years of age, was subject to prosecution and a penalty attached for an act of sexual intercourse with a female of previous chaste and virtuous character between 16 and 18 years of age, either with or without her consent. The fact that the Legislature afterwards saw fit to change the law cannot avail this defendant so as to relieve him of the penalty he had already incurred. In principle this identical question was passed upon in *Lilly v. State,* 7 Okla. Cr. 284, 123 Pac. 575, Ann. Cas. 1914B, 443. In that case it was held:

"The Constitution provides that: 'The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right or penalty incurred or proceedings begun by virtue of such repealed statute.' Williams' Const., sec. 144 (article 5, sec. 54).

"Section 2815, Wilson's Rev. & Ann. St. 1903, provides: 'The repeal of any statute by the legislative assembly shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining

in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.'

"Under these provisions of the written law, it is held that the district court of Lincoln county, upon a retrial of this case, should submit the punishment for conjoint robbery under the statute as it existed at the time the offense is alleged to have been committed, which punishment is life imprisonment."

We hold, therefore, that this defendant was subject to any penalty imposed by law for this crime on the date of its commission, and any subsequent statute repealing such penalty can only operate prospectively, and is applicable only to offenses committed after the statute took effect.

The prosecutrix was shown to be of the age of 17 years at the date of the commission of the offense, and to be of previous chaste and virtuous character. While the defendant attempted to controvert both of these propositions by insinuations and innuendoes, there is no evidence worthy of consideration tending to disprove the positive evidence of the state on both points. The evidence on behalf of the state is amply sufficient to sustain the verdict and judgment.

It is contended, among other assignments of error, that the information is insufficient because it fails to negative that the defendant was less than 18 years of age at the time of the alleged offense. While it is not necessary, in view of what we have heretofore held in this opinion, to pass upon this question in this case, we deem it advisable to do so for the reason that the same question is very apt to arise in subsequent prosecutions under this statute. The allegations contained in this in-

formation were the same as those approved by this court.
in *Hast v. Territory*, 5 Okla. Cr. 162, 114 Pac. 261, and.
as the adoption in the Code of the provision contained.
in the last sentence of section 2415, *supra*, merely creates.
a new defense and forms no part of the definition of the:
crime itself, it was not necessary to negative each de-
fense in the indictment or information. Matters purely·
of defense need not be pleaded in the indictment or infor-·
mation. The following cases are in point: *Smythe v.*
*State*, 2 Okla. Cr. 286, 101 Pac. 611, 139 Am. St. Rep..
918; *De Graff v. State*, 2 Okla. Cr. 519, 103 Pac. 538;
*State v. Knighten*, 39 Or. 63, 64 Pac. 866, 87 Am. St. Rep..
647. In·the latter case the Supreme Court of Oregon.
said:

"The defendant was convicted of the crime of rape·
by carnally knowing a female child under the age of 16.
years. Objection was made to the introduction of any
testimony for the state on the ground that the indict-·
ment does not state a crime, because it does not allege·
the defendant was over the age of 16 years when it was.
alleged to have been committed. The statute (Sess.
Laws 1895, p. 67) provides that,. 'if any person over the·
age of sixteen years shall carnally know any female·
child under the age of sixteen years,' etc., he shall be
deemed guilty·of rape. It is argued that under this
statute the age of the defendant is an essential ingredi-·
ent of the crime, and must be averred in the indict-·
ment. But, as we understand the statute, its only ef-
fect is to raise the age of capacity of the male from 14, as.·
it was at common law, to 16 years. At common law, a
boy under 14 years of age was conclusively presumed to·
be physically incapable of committing the crime of rape,
but it was never held that it was necessary to allege the·
age of the defendant in an indictment for that crime.
16 Am. & Eng. Enc. Law, 315; *Commonwealth v. Scan-*
*nell*, 11 Cush. [Mass.] 547; *Sutton v. People*, 145 Ill. 279,

34 N. E. 420; *State v. Ward,* 35 Miss. 182, 28 N. W. 192. Nor is it necessary under the statute. If the defendant was below the requisite age, it is a matter of defense. Mr. Bishop says the age of the defendant need not be set out 'though the statutory words are "any person of the age of fourteen years and upward, who shall have carnal knowledge." If he is below fourteen, it is simply matter for defense.' Bish. St. Crimes (2d Ed.) sec. 482."

It is also contended that this judgment should be reversed because the court erred in overruling the motion for a new trial on account of evidence newly discovered, tending to prove the unchaste character of the prosecutrix at the time this offense was committed. This allegation of error is based upon the affidavit of one John Hash filed in support of the motion, to the effect that he (Hash) had had sexual intercourse with the prosecutrix some time during the month of December, 1910. But John Hash was a witness for the defendant in this case, and made no such disclosure. Hash lived in the immediate vicinity of these parties, and this prosecution was pending for eight or ten months before trial and the defendant had learned that this witness had kept company with the prosecutrix prior to the time this offense was alleged to have been committed, and it also appears that counsel for the defendant in the cross-examination of the prosecutrix, her father and mother, indicated by questions asked that Hash had been guilty of illicit relations with the prosecutrix, which alleged fact was strenuously denied, and counsel for defendant failed to ask Hash, when a witness, anything about such matter, and the affidavit of Hash states that had he been asked concerning his relations with the prosecutrix he would have sworn that he had had sexual intercourse

with her in December, 1910. There is no such showing of diligence on the part of the defendant and his counsel as to entitle him to a new trial on account of newly discovered evidence. It clearly appears, if Hash is to be believed at all, that by the exercise of reasonable diligence this evidence could have been elicited upon the trial. This assignment of error is wholly without merit.

It is contended also that the court erred in permitting the prosecutrix to testify to a series of acts of sexual intercourse with the defendant occurring subsequently, and related in time, to the act upon which the prosecution was based. This assignment presents no new question. In the case of *Morris v. State*, 9 Okla. Cr. 241, 131 Pac. 731, the same contention was made and the question decided adversely to the contention of counsel. The weight of modern authority is to the effect that such evidence is admissible to show the relation and familiarity of the parties and as tending to corroborate the prosecutrix as to the particular act relied upon for conviction. As was said in *Woodruff v. State*, 72 Neb. 815, 101 N. W. 114, such evidence, if believed, "is corroborative of the ultimate fact sought to be proved; that is, the act of sexual intercourse as charged in the information."

The court gave an instruction covering the purpose for which such subsequent acts of sexual intercourse might be considered by the jury. The substance of the instruction is to the effect that the defendant cannot be convicted because of such subsequent acts, if believed to be true, but that such evidence is only to be considered in connection with the other evidence in determining whether or not the defendant had sexual intercourse as

charged in the information. It is claimed that such instruction was one on the weight to be given to such evidence.

The instruction contained no comment on the probative force of the evidence of subsequent acts of sexual intercourse, but was given for the purpose of informing the jury that such acts did not form the basis for convicting the defendant. The instruction placed correct limitation upon the jury in considering this evidence. *Woodruff v. State, supra.*

Also instruction No. 4 is complained of. Said ininstruction is as follows:

"No person can be convicted of rape on account of an act of sexual intercourse with a female over the age of 14 years with her consent, unless such person was over the age of 18 at the time of such act; and in this case you are instructed that if you find the witness Bettie Robertson consented to the act of the alleged intercourse on May 9, 1913, then before you can convict the defendant you must believe from the evidence beyond a reasonable doubt that he was at the time of such intercourse over the age of 18. But if you find from the evidence beyond a reasonable doubt that the defendant had sexual intercourse with the witness Bettie Robertson on the 9th day of May, 1913, as such intercourse is defined in paragraph 2 of these instructions, and that she did not consent to such intercourse, then it will be your duty to find the defendant guilty, whether or not he was then and there over the age of 18."

For the reasons herein stated the defendant in this case was not entitled to interpose this defense for the purpose of avoiding the penalty imposed by law and which he incurred at the time the crime was committed. The instruction therefore was erroneous in that it was

prejudicial to the state, but of such errors the defendant, cannot avail himself. The law never considers a question of error except in behalf of those who are injured thereby. *Hunter v. State,* 6 Okla. Cr. 446, 119 Pac. 445.

We have carefully examined the entire record. The instructions as a whole correctly state the law applicable to the facts, and are as favorable to the defendant as the law and evidence warrant, if not more so. In our opinion the defendant had a fair and impartial trial, was clearly proven guilty, and the punishment assessed is not excessive. The judgment of conviction is therefore affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.