## ODIE WILLIAMS v. STATE.

No. A-3018.   Opinion Filed Nov. 1, 1919.

Rehearing Denied May 29, 1920.

(190 Pac. 892.)

1.  **CONTINUANCE—Discretion of Trial Court.** Applications for a continuance on the ground of the absence of material witnesses are addressed to the discretion of the trial court; and, unless there appears to be a manifest abuse of such discretion, the judgment of conviction will not be reversed because a continuance was denied.

2.  **SAME—Denial Where no Probability of Different Result.** For reasons showing no abuse of discretion in overruling the application for a continuance in this case, see body of opinion.

3.  **RAPE—Proof of Defendant's Age a Matter of Defense—Statute.** Section 2415, Rev. Laws 1910, providing, "Nor can any person be convicted of rape on account of an act of sexual intercourse with a female over the age of fourteen years, with her consent, unless such person was over the age of 18 years at the time of such act," construed, and held, that proof that the defendant was over the age of 18 years at the time of the commission of the alleged act is not indispensable to a conviction; the age of the defendant being a matter of defense, and not a material element of the crime.

4.  **APPEAL AND ERROR—Presumption of Regularity of Proceedings Below—Time for Judgment.** On appeal, all presumptions favor the regularity of the proceedings in the trial court. Where judgment was pronounced against the defendant less than two days after the rendition of the verdict, without objection on his part, the presumption will be entertained in this court that the trial court did not intend to remain in session for two full days after the rendition of the verdict, and that

the judgment was pronounced at as remote a time as could reasonably be allowed; the record being silent as to the length of time the court remained in session after the rendition of the verdict.

*Appeal from District Court, Tillman County;*
*Frank Mathews, Judge.*

Odie Williams was convicted of the crime of rape in the second degree, and sentenced to serve a term of four years in the state reformatory, and he appeals. Affirmed.

*Mounts & Davis,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. A statement of the facts is not necessary in this case. It is sufficient to say that after an examination of the transcript of the testimony of the witnesses the court finds that there is ample evidence to support the judgment of conviction.

It is the first contention that the trial court erred in overruling defendant's motion for continuance, based upon the absence of three witnesses, who were alleged to be residents of Tillman county, young men who it is averred in the application would testify, if present, that they had each had sexual intercourse with the prosecuting witness after she had reached the age of 16 years and prior to the commission of the act of sexual intercourse upon which this conviction is based. As this is a conviction for statutory rape in the second degree upon a female between the ages of 16 and 18 years, of previous chaste and virtuous character, the evidence of prior sexual intercourse by the prosecuting witness with other male persons than the defendant after she had attained the age of 16 years, and prior to the commission of the alleged act upon which the con-

viction in this case is based, was competent evidence in behalf of the defendant.

This court has repeatedly held that applications for a continuance, based upon the absence of a material witness, is a matter addressed to the discretion of the trial court, and unless there appears to be a manifest abuse of such discretion, the judgment of conviction will not be reversed on this ground alone. *Reed v. State,* 14 Okla. Cr. 651, 174 Pac. 800.

There was no abuse of discretion in this case. The defendant had notice for some months prior to the trial that he was being prosecuted for this alleged offense. The evidence shows that at least two of the alleged absent witnesses lived in the vicinity of the defendant in Tillman county. No effort was made to procure the attendance of these two witnesses until a day or two before the case was called for trial, when the defendant caused a subpoena for them to be issued and placed in the hands of the sheriff. At that time, the witnesses were not found, but the sheriff left a copy of the subpoena at their usual place of residence. The third witness, it appears, had not been seen in Tillman county for some time, apparently left there shortly after the defendant was arrested. There is no showing of any probability of ever procuring the attendance of this third witness, or of taking his deposition for use on a subsequent trial of this case. The application does not show that the defendant, or anybody else, knew his whereabouts at the time the application was made. On the hearing of the motion for a new trial, the state produced the other two alleged absent witnesses, who swore positively that they had never had intercourse with the prosecuting witness at any time.

It is apparent, therefore, that as to two of these witnesses the defendant would not be able to prove the facts set out in his application for a continuance should another trial be granted him. As to the third, no probability of obtaining his attendance at the trial or of securing his deposition is shown, even if it be admitted that he would testify to the facts set forth in the application.

Unless there is a reasonable probability that upon a subsequent trial of the cause a different result would likely occur by reason of the evidence to be obtained from such absent witnesses, the judgment of conviction should not be reversed. Clearly in this case it appears, not only that proper diligence was not used to obtain the attendance of these witnesses at the trial, but also that there is no likelihood that upon a subsequent trial a different result would ensue.

For the reasons stated, we find no merit in this contention.

It is next contended that the verdict is not supported by the evidence, in that there is no competent proof that the defendant was a male person over the age of 18 years when the offense was committed.

This assignment of error is wholly without merit. It was held by this court, in the case of *Penn v. State,* 13 Okla. Cr. 367, 164 Pac. 992, L. R. A. 1917E, 668, that the provision in section 2415, Revised Laws 1910, "nor can any person be convicted of rape on account of an act of sexual intercourse with a female over the age of fourteen years, with her consent, unless such person was over the age of eighteen years at the time of such act," was a matter of defense to the crime of statutory rape, and that it was not

necessary to negative such defense in the indictment or information charging the crime.

It follows from the holding in that case that such provision is not a material element of the crime of rape upon a female over the age of 14 years with her consent, and need not be alleged in the information nor proved upon the trial. In this case, no defense was interposed on the ground that the defendant was under the age of 18 years at the time of the alleged commission of the offense.

Lastly, it is contended that the court erred in pronouncing judgment on the 30th day of November, 1916, upon a verdict rendered on the 29th day of November, 1916. Section 5942, Revised Laws 1910, provides:

"After a plea or verdict of guilty, or after a verdict against the defendant on a plea of a former conviction or acquittal, if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment."

Section 5943, *Id.*, is as follows:

"The time appointed must be at least two days after the verdict, if the court intend to remain in session so long; or, if not, at as remote a time as can reasonably be allowed."

In the cases of *Howard v. State*, 2 Okla. Cr. 201, 101 Pac. 132, and *McCord v. State*, 2 Okla. Cr. 209, 101 Pac. 135, this court held:

"Defendant is not entitled * * * to two days after the rendition of a verdict of guilty against him before pronouncing sentence upon him, unless it appears affirmatively from the record that the court expected to and did remain in session that long after the rendition of such verdict. In the absence of such showing in the record, it will be pre-

sumed by the appellate court that the court below acted in conformity with the law, and, if two days had not expired after the rendition of the verdict and before sentence, the time was as remote as could reasonably be allowed, and the court complied with said statute as nearly as the time remaining of the session permitted."

In *Kerkendall v. State,* 5 Okla. Cr. 570, 115 Pac. 612, the third paragraph of the syllabus is as follows:

"A defendant may waive the time allowed by law after his conviction before judgment can be pronounced against him."

In *Dalton v. State,* 6 Okla. Cr. 368, 118 Pac. 1101, in construing the foregoing statutes, this court held:

"Where it is not shown by the record that the court appointed a time for pronouncing judgment, or that for this reason objection was made by defendant before judgment was rendered, it will be presumed that the judgment was pronounced at a time appointed by the court in conformity with the requirements of the statutes."

The record in this case is silent as to the date of the adjournment of court for that term. Sentence was pronounced against defendant on the 30th day of November, 1916, without any objection on his part that the court had not allowed him the two days' time after the rendition of verdict. It is apparent from the record in this case that this assignment of error is an afterthought, to which no objection was made or exception taken in the court below.

All presumptions favor the regularity of the proceedings in a trial court. *Killough v. State,* 6 Okla. Cr. 311, 118 Pac. 620; *Thornsberry v. State,* 8 Okla. Cr. 88, 126 Pac. 590; *Hess v. State,* 9 Okla. Cr. 516, 132 Pac. 505; *Stark v. State,* 10 Okla. Cr. 177, 135 Pac. 441.

This court will not indulge the presumption that the trial court deliberately violated the provisions of the foregoing statutes, where the record is silent upon the subject, and where the defendant made no objection to the proceedings in the lower court.

The conclusion is reached that the judgment of the district court of Tillman county, imposing a sentence upon the defendant of four years' imprisonment in the state reformatory at Granite, Okla., should be affirmed; and it is so ordered.

DOYLE, P. J., and ARMSTRONG, J., concur.