## FRANK HINSON v. STATE.

No. A-4609. Opinion Filed Jan. 17, 1925.
Rehearing Denied Feb. 16, 1925.
(232 Pac. 955.)

(Syllabus.)

1. **Indictment and Information—Information Charging Rape in First Degree and Alleging Female to Be "Person of the Age of 17 Years" not Duplicitous.** An information which charges rape in the first degree by means of force, overcoming resistance, and alleges the female to be "a person of the age of 17 years," does not charge more than one offense, as in such cases an allegation as to the age of the female is surplusage.

2. **Appeal and Error—Error Favorable to Appellant—Conviction of Rape in Second Degree upon Proof of Rape in First Degree.** In a prosecution for rape, committed by force, overcoming resistance, as defined by Comp. Stats. 1921, § 1834, subd. 4, and classified as rape in the first degree, where the court submits the issue and the jury find the defendant guilty of rape in the second degree, as defined by subdivision 2, where under the evidence he should have been convicted of rape in the first degree, the defendant cannot be heard to complain, because the error was clearly to his advantage, and the law never considers a question of error except in behalf of those who are injured thereby.

3. **Appeal and Error—Necessity for Objections Below—In Prosecution for Rape in First Degree, Objection to Charge on Second Degree.** In a prosecution for rape in the first degree, a defendant convicted of rape in the second degree cannot complain that the court charged the law of rape in the second degree, when

the evidence did not justify such a charge, where the record shows no objection made or exception taken to this part of the charge in the court below.

Appeal from District Court, Caddo County; Will Linn, Judge.

Frank Hinson, convicted of rape in the second degree, appeals.   Affirmed.

H. J. Mackey and Morgan & Osmond, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J.   This appeal is from a judgment of conviction, rendered on the verdict of a jury finding the defendant, Frank Hinson, guilty of rape in the second degree, and fixing his punishment at imprisonment in the penitentiary for a term of five years.

The information in this case charges that in Caddo county, on the 12th day of July, 1922, the defendant, Frank Hinson, did "then and there, intentionally, unlawfully, willfully, and feloniously, violently forcibly rape, ravish, and carnally know and have sexual intercourse with one Josie Johnson, a female person of the age of 17 years, against her will; that the said Josie Johnson then and there resisted and her resistance was overcome by force and violence used upon and against her (the said Josie Johnson) by said Frank Hinson, in committing said rape; that the said Josie Johnson was not then and there the wife of the said Frank Hinson."

To this information the defendant demurred on the following grounds: That more than one offense is charged and that the facts stated do not constitute a public offense. The demurrer was overruled, exception reserved.

It is contended that the information is insufficient to charge rape in the first degree; that it does not allege the

defendant did commit an assault; that it is vague, indefinite, and uncertain, and does not sufficiently state the facts constituting the alleged offense, so as to enable the defendant to plead jeopardy in bar of a subsequent prosecution; and that it is duplicitous.

There is no merit in the contention. The information contains surplusage and redundant matter as well as useless repetition, but it contains a sufficient charge of rape, where the sexual intercourse is accomplished with a female, not the wife of the perpetrator, defined by fourth subdivision of section 1834, Comp. Stats. 1921, as follows:

"Where she resists but her resistance is overcome by force and violence."

In an information charging rape by force and violence, overcoming of resistance, an allegation as to the age of the female is surplusage. However, if the allegation in the information in this case, to wit, "a female person of the age of 17 years," had been followed by allegation of previous chaste and virtuous character, then the information would charge rape as defined (second subdivision of section 1834), and would have only charged rape in the second degree. It follows that the demurrer thereto was properly overruled.

The evidence shows that Josie Johnson, the prosecutrix, 17 years of age, lived with her widowed mother, in the town of Cement; she had known the defendant about 3 months prior to the date alleged. He was employed as an oil well worker, and was past 20 years of age; on the date alleged she was visiting her friend, Miss Ray, who lived about one-half mile from Cement. That evening about 8 o'clock she and Miss Ray were sitting in a Buick car with a man by the name of Culpepper in front of a drug store in Cement. The defendant drove up in a Ford car and asked Culpepper for one of his girls. He answered, "All right, which one do you want?" The defendant said, "Josie." The four then decided to go out in the country to a Holiness Church meet-

ing. The defendant said he knew where the church was and with the prosecutrix he started in his car leading the way. After going a few miles defendant said he was tired of taking the lead and he stopped. Culpepper and Miss Ray passed them. The defendant followed a little ways, then turned into a lane and stopped his car. He then by force and violence, overcoming her resistance, accomplished an act of sexual intercourse with the prosecutrix.

She testified that the defendant drove out to the side of the road and stopped the car, then put his arms around her and began to kiss her; that she tried to make him quit and told him to quit, then he put his hand up under her dress and she kicked him; that she cried but did not scream or call for help, because it was a lonely place; that she bit him, and kicked him, and fought him until her strength gave out, then he overpowered her and accomplished an act of sexual intercourse; that she never had sexual intercourse before; that the defendant then drove her home; that she went into the house and immediately made complaint to her mother and her oldest sister. They each testified that her clothing, including her dress, was bloody; that her hair was disordered and her body was wet with perspiration; and that she had been crying. The authorities were notified immediately and a few hours later the defendant was arrested.

Dr. Jesse Byrd testified that he was called to examine the prosecutrix the next morning and found abrasions on the vulva, the hymen ruptured and several bleeding points on the vagina; that she was still bleeding from the rupture and abrasions; that from his examination his opinion was that the prosecutrix had been a virgin up to the time the hymen was ruptured.

The officers and the roommate of the defendant testified that they saw no evidence of blood on his underwear at the time of his arrest. Testimony was introduced regarding

the size of a seat of a Ford car and to show that an act of sexual intercourse would have been impossible in the car as detailed by the prosecutrix.

As a witness in his own behalf, the defendant admitted that he, Culpepper, and the two girls had a conversation which resulted in his taking the prosecutrix riding in his Ford, but, however, says that she rather forced herself into going with him. He admitted stopping by the side of the road and admitted taking liberties with the prosecutrix, such as kissing and fondling her, but claimed that this was done with her consent. He positively denied that he attempted to have any improper relations with her, and denied having sexual intercourse with her.

The instructions of the court submitted the issue of rape committed by means of force, overcoming resistance, as defined by section 1834, fourth subdivision, and classified as rape in the first degree (section 1837), and submitted the issue of statutory rape as defined by section 1834, second subdivision, "where the female is over the age of 16 years and under the age of 18, and of previous chaste and virtuous character," and classified as rape in the second degree (section 1837). No objection was made or exception taken to the instructions given by the court. It is now claimed that the court erred in submitting the issue of rape in the second degree.

Sections 2694, 2739, and 2740, Comp. Stats. 1921, in substance, provide that a defendant may be convicted of the offense charged, or of any lesser degree thereof, or of any offense necessarily included within the charge.

This court is firmly committed to the rule that, if the evidence demands a conviction of a higher degree of the offense charged than that for which he was convicted, and does not warrant an acquittal, the defendant is not entitled to a new trial on the ground that, under instructions so permitting, the jury found him guilty of a lower degree.

In Hunter v. State, 6 Okla. Cr. 446, 119 P. 445, it was held:

"If error has been committed by the conviction of a defendant for statutory rape in the second degree, when under the evidence he should have been convicted of statutory rape in the first degree, the defendant cannot be heard to complain, because the error was clearly to his advantage. The law never considers a question of error except in behalf of those who are injured thereby."

See Penn v. State, 13 Okla. Cr. 106, 164 P. 992, L. R. A. 1917E, 668.

In Stewart v. State, 9 Okla. Cr. 327, 131 P. 725, it is said:

"In this case the instructions submitting the issue of manslaughter in the second degree were not excepted to by the defendant, and errors can be made available on appeal only by exceptions duly taken on the trial.

"If the jury in mercy or sympathy for the defendant or by mistaken view of the law or the facts finds the defendant guilty of manslaughter in the second degree, in a case where the law and the facts make the crime murder or manslaughter in the first degree, it is an error in favor of the defendant of which the law will not take cognizance and of which the defendant cannot complain. Where the issue has been submitted, the jury have the undoubted power to fix the crime in the lowest degree, when it ought under the law and the evidence to be fixed in a higher degree."

See Wilmoth v. State, 20 Okla. Cr. 453, 203 P. 1055, 21 A. L. R. 590; Lytton v. State, 12 Okla. Cr. 204, 153 P. 620; Irby v. State, 18 Okla. Cr. 671, 197 P. 526.

After a careful examination of the record, we conclude, that there was no error which could have been prejudicial to the defendant. From all the evidence in the case, carefully considered, we think the defendant ought to be thankful that the jury dealt so leniently with him.

The judgment of the lower court is affirmed.

MATSON, P. J., and BESSEY, J., concur.