## WILLIAM COTTS v. STATE.

No. A-5414.   Opinion Filed April 5, 1926.
(244 Pac. 817.)

60

John P. Hickam, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Payne county on a charge of rape in the second degree and sentenced to serve a term of seven years in the state penitentiary.

The record discloses that defendant, on the 2d day of October, 1923, took one Viola Blossom, a female of the age of 16 years and of previous chaste and virtuous character, to a show at Stillwater, and on the road home accomplished an act of sexual intercourse with her, from

which she became pregnant, and in June following gave birth to a child. The evidence is not voluminous, but simply sustains the charge in the information. The defendant did not take the stand, but offered evidence of his previous good character.

It is first contended that the court erred in permitting the witness Hy Cotts to testify to the age of the defendant. This witness, the father of defendant, was called for the defense. On rebuttal, the state recalled him and asked the age of defendant. Objection was interposed, and the state asked leave to reopen its case and use the witness. This was done, and he testified that defendant was 20 years of age. The name of this witness was not indorsed on the information, but no objection on that ground was interposed.

It is settled that where a specific objection is interposed to a witness or to the admission of evidence, other objections than ones raised in the trial court are not available on appeal. Gritts v. State, 6 Okla. Cr. 534, 118 P. 673, 120 P. 669. However, the evidence of this witness is not material; it was evidently offered for the purpose of showing that defendant was over the age of 18 years to meet the provisions of section 1835, Comp. Stat. 1921, which provides that no person may be convicted of rape on account of an act of sexual intercourse with a female over the age of 14 years, with her consent, unless such person be over the age of 18 years at the time of such act. This statute, however, presents a matter of defense, and the state is not required to negative it, and was attempting to assume a burden not resting upon it. Penn v. State, 13 Okla. Cr. 367, 164 P. 992, L. R. A. 1917E, 668; Williams v. State, 17 Okla. Cr. 452, 190 P. 892.

It is next contended that there was misconduct in the argument of the county attorney in the statement:

"Gentlemen of the jury if you observe the baby you will know that it belongs to the defendant." This was objected to and a motion made that it be stricken, which was overruled. No other part of the argument is shown except this single sentence; its context or relation to the argument of defendant's counsel is not in any manner shown. The burden is on defendant to affirmatively show prejudicial error. This can hardly be made to appear from a single detached sentence unless it is of such a character as to be per se erroneous. See Sanditen v. State, 22 Okla. Cr. 14, 208 P. 1040; Payne v. State, 21 Okla. Cr. 416, 209 P. 334. A child four months old, as was this child at the time of the trial, may be brought into court to corroborate the fact of intercourse, but not to show resemblance. State v. Neel, 65 P. 494, 23 Utah, 541; State v. Danforth, 48 Iowa, 43, 30 Am. Rep. 387; Jones v. Jones, 45 Md. 144; Reitz v. State, 33 Ind. 187. The statement of the county attorney was probably erroneous, that depending on the occasion of the comment or statement made, but it is not reversible.

The statute fixes the punishment for rape in the second degree at confinement in the penitentiary for not less than one nor more than 15 years. Here the jury failed to agree on the punishment, and it was assessed by the court at 7 years.

Considering that the prosecutrix at the time was of the age of 16 years and the defendant of the age of 20, the punishment is excessive, and the judgment will be modified by reducing the sentence to 4 years, and as so modified is affirmed.

BESSEY, P. J., and DOYLE, J., concur.