### TOMMIE BRASEL v. STATE.

No. A-6618. Opinion Filed May 25, 1929.
Rehearing Denied Oct. 15, 1930.
(291 Pac. 807.)

J. M. Springer, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of rape in the second degree, and his punishment fixed at imprisonment in the state penitentiary for a term of 3 years.

The information alleges the rape to have been committed upon the person of Mary Queen, a female of the age of 14 years. The proof is that she was 13 years of age. The principal contention argued is that, since the evidence discloses the female to have been of the age of 13 years, the rape, if any proven, was rape in the first degree, and the evidence does not sustain a conviction of rape in the second degree. Rape is defined by section 1834, Comp. Stat. 1921, as follows:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances:

"First. Where the female is under the age of sixteen years.

"Second. Where the female is over the age of 16 years and under the age of eighteen, and of previous chaste and virtuous character.

"Third. Where she is incapable through lunacy or any other unsoundness of mind, whether temporary or permanent, of giving legal consent.

"Fourth. Where she resists but her resistance is overcome by force and violence.

"Fifth. Where she is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution.

"Sixth. Where she is prevented from resisting by any intoxicating narcotic, or anesthetic agent, administered by or with the privity of the accused.

"Seventh. Where she is at the time unconscious of the nature of the act and this is known to the accused.

"Eighth. Where she submits under the belief that the person committing the act is her husband, and this belief is induced by artifice, pretence or concealment practiced by the accused, or by the accused in collusion with her husband with intent to induce such belief. And in all cases of collusion between the accused and the husband of the female, to accomplish such act, both the husband and the accused shall be deemed guilty of rape."

Sections 1835, 1837, 1838, and 1839, Comp. Stat. 1921, which classify the crime of rape into degrees and fix the punishment, are:

Sec. 1835. No conviction for rape can be had against one who was under the age of fourteen years at the time of the act alleged unless his physical ability to accomplish penetration is proved as an independent fact and beyond a reasonable doubt. Nor can any person be convicted of rape on account of an act of sexual intercourse with a female over the age of fourteen years, with her consent, unless such person was over the age of eighteen years at the time of such act."

"Sec. 1837. Rape committed by a male over eighteen years of age upon a female under the age of fourteen years, or incapable through lunacy or unsoundness of mind of giving legal consent; or accomplished with any female by means of force overcoming her resistance, or by means of threats of immediate and great bodily harm, ac-

companied by apparent power of execution, preventing such resistance, is rape in the first degree. In all other cases rape is of the second degree."

"Sec. 1838. Rape in the first degree is punishable by death or imprisonment in the penitentiary, not less than fifteen years, in the discretion of the jury, or in case the jury fail or refuse to fix the punishment then the same shall be pronounced by the court."

"Sec. 1839. Rape in the second degree is punishable by imprisonment in the penitentiary not less than one year nor more than fifteen years."

Section 1834, first subdivision, defines rape upon a female under the age of 16 years. Under this subdivision unlawful intercourse with a female under the age of 16 years with her consent is rape. If the male is under the age of 18 years and the female is above the age of 14, and the act is with her consent, no offense is committed. Section 1835, Comp. Stat. 1921. If the male is above the age of 18 years and the female above the age 14 and gives her consent, the act is rape in the second degree. If the male is above the age of 18 years and the female is under the age of 14 years, without regard to the matter of her consent, the act is rape in the first degree. Section 1837, Comp. Stat. 1921.

The evidence in this case discloses that the male was of the age of 31 years and the act of intercourse was with the consent of the female. The information contains no allegation as to the age of the defendant. If a defendant should rely upon nonage as provided in section 1835, Comp. Stat. 1921, or upon a reduction of the degree of the offense charged by reason of his age as provided by section 1837, Comp. Stat. 1921, he must make proof of his age, bringing himself within the provisions of those sections of the statute. These provisions are matters purely

of defense and need not be pleaded. Penn v. State, 13 Okla. Cr. 367, 164 Pac. 992, L. R. A. 1917E, 668.

In the matter of proof, however, the evidence here is that the female was of the age of 13 years and not 14 as alleged in the information. The proof is sufficient on this point to have sustained a charge of rape in the first degree. Evidently the county attorney was not certain that the state would be able to establish the age of the female as being under 14 years of age, and therefore did not so allege. In order to establish the offense charged, that is, rape in the second degree, it was only necessary that the state prove that the female was below the age of 16 years. This is conclusively proven. The defendant will not be heard to complain that the state proved her to be under the age of 14 years. No claim appears to have been made at any time that there is a variance between the allegation and the proof.

Some argument is made that the evidence is not sufficient to sustain the verdict and judgment. There is ample evidence of intercourse, and, under the view of the law herein expressed, no reason to disturb the verdict and judgment appears.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.