## WADE CASTER v. STATE.

No. A-7180.    Opinion Filed April 5, 1930.
(287 Pac. 804.)

L. M. Gensman and Charles G. Ozmun, for plaintiff in error.

The Attorney General and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of

Comanche county on a charge of maiming, by biting off the ear of C. O. Haile, and his punishment fixed by the court at imprisonment for six months in the penitentiary.

The evidence of the state shows: That on the night of November 28, 1925, defendant and the prosecuting witness were at a dance and had some differences but shook hands and agreed to let bygones be bygones. That the prosecuting witness, Haile, went into the yard to get some wood to put in the stove. That he was returning with two pieces. That as he started upon the porch to go into the house the defendant attacked him and they rolled off the porch on the ground. The prosecuting witness says he did not know anything after he fell to the ground until he was taken into the house. That the prosecuting witness was seventeen years of age and the defendant twenty-four. That when they were separated defendant was biting the thumb of the prosecuting witness, and when he was taken to the light in the house it was discovered that his ear had been bitten off. That defendant was drunk and quarrelsome at the time of the difficulty and had made threats and said he could whip any son of a bitch on the porch.

Defendant claimed that the prosecuting witness was coming toward him with a club in his hand, and that he grabbed the prosecuting witness to protect himself, and that they rolled off the porch together, and, if the prosecuting witness lost an ear, it must have been cut off by a sharp rock or some other instrument, and denied that he bit the ear off. There is sufficient evidence in the record to support the verdict of the jury.

The defendant complains that the court erred in instructing the jury. The defendant did not except to the instructions and does not in his brief point out wherein any of them or any part of them were erroneous. The

burden of showing error rests upon appellant, and his counsel must point out any error in the instructions and support them by argument and authorities. Penn v. State, 13 Okla. Cr. 367, 164 Pac. 992, L. R. A. 1917E, 668.

The instructions when considered together fairly state the law of the case, and the court did not err in overruling the motion for new trial because of alleged erroneous instructions.

Defendant next contends that the instructions or some part of them were given by the court orally. The case-made discloses that the general instructions were given by the court in writing and duly filed in the case. It nowhere appears in the record that the court gave any oral instructions, nor does defendant set up any such claim in his motion for new trial. An alleged error of the court in instructing the jury orally will not be considered on appeal, unless presented to the trial court in a motion for new trial.

The jury found the defendant guilty and recommended leniency. The court sentenced the defendant to the penitentiary for six months. The evidence being sufficient to support the verdict, and the punishment clearly falling within the recommendation of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.