## ROY TRAINER v. STATE.

No. A-8023. Opinion Filed March 21, 1931.
(297 Pac. 325.)

Corn & Corn, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Dewey county of the crime of rape in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for a term of 15 years.

The evidence of the state was that Cora Elizabeth Parks, the complaining witness, was under the age of 14 years at the time the crime of rape was committed; that she was not acquainted with the defendant; that late in the afternoon of June 8th she had gone to the schoolhouse at Camargo to attend a 4-H Club meeting; that on arriving at the schoolhouse about dark she learned the meeting was not going to be held, and started back home; that the night was dark and cloudy, and that she passed the Cinnamon Restaurant on the streets of Camargo, and several

men were in front of the restaurant; that as she passed down the street and near a gin she was accosted by a party who said: "Don't be afraid; it's Roy"; that this party walked a short distance with her, and threw her on the ground, and, in spite of her objections and by overcoming her resistance, had intercourse with her; that immediately on reaching home she told her mother and sisters what had happened, and told them she thought it was Roy Chill; that it was dark, and she could not see who it was, but she thought it was Roy Chill, as he was the only Roy she knew; that Roy Chill was arrested and charged with the crime and later released, when it was established to the satisfaction of the authorities that he was at another place; that an investigation was then conducted, and it was learned that Roy Trainer, the defendant herein, was in the town of Camargo at the time of, and just preceding, the rape, and was at the Cinnamon Restaurant at the time the prosecuting witness passed; that at that time defendant remarked that "he was going to get some of that before morning"; that soon after he followed the girl; that Glen Diew, Ed. Blakey, John Soliday, and John Fassauer were all in front of the restaurant; that defendant also said, "Here is where I am going to get a woman"; that about half an hour afterward defendant returned to the restaurant, and was asked if he got the job done, and he said that he did; that one of defendant's shirt sleeves had been torn; that defendant had been drinking, and the complaining witness testified that she could smell liquor on the breath of the man who had raped her; that the next day defendant left the country and was gone for more than a year, when he returned and gave himself up to the authorities.

Defendant, testifying, denied that he had committed the crime, and said he left the country because some of his

friends gave him $25 and asked him to leave so he would not have to be a witness against Roy Chill.

The evidence of the state is wholly circumstantial, but, when considered together, it points unerringly to the guilt of the defendant.

Attorneys for the defendant in their brief have combined assignments of error numbered 2, 3, 4, 5, and 6, which assignments pertain to the amending of the original information.

After the jury had been impaneled and the case called for trial, the county got leave to amend the information by interlineation by inserting the words, "a male person over the age of 18 years."

This court has held that proof that the defendant was over the age of 18 years at the time of the commission of the alleged act is not indispensable to a conviction; the age of the defendant being a matter of defense and not a material element of the crime. Williams v. State, 17 Okla. Cr. 452, 190 Pac. 892; Penn v. State, 13 Okla. Cr. 367, 164 Pac. 992, L. R. A. 1917E, 668.

Wharton's Criminal Law, vol. 1, page 941, par. 740, lays down the rule as follows:

"An indictment for rape need not specify the sex of the defendant. The allegation that the accused did commit the crime of rape carries with it (1) that the accused is a male person, and (2) that he is capable of having committed the offense charged."

The information in the case at bar falls squarely within the above rule, and was sufficient to charge the offense. Thompson v. State, 17 Okla. Cr. 215, 187 Pac. 819.

This court has repeatedly held that the information may be amended as to form, after the jury has been im-

paneled, where the same can be done without prejudice to the substantial rights of the defendant. Carroll v. State, 24 Okla. Cr. 26, 215 Pac. 797; Clark v. State, 35 Okla. Cr. 300, 250 Pac. 551; Leyerle v State, 31 Okla. Cr. 179, 237 Pac. 871; Potter v. State, 47 Okla. Cr. 264, 288 Pac. 362.

Defendant also contends under this assignment that the court erred in permitting the state to indorse the names of the witnesses E. S. Collier and Walter Towers upon the information and permit such witnesses to testify in chief, without such names having been served on the defendant 2 days before the trial.

Collier testified that the defendant told him he was 22 years of age, the defendant testified that he was 22 years of age. Towers testified that the defendant had left the state and been gone for more than a year. The defendant testified that the day following the commission of the crime he left the state and was gone 15 months.

In Manning v. State, 7 Okla. Cr. 368, 123 Pac. 1029, this court said:

"Where a witness in a capital case is permitted to testify over objection that the name of such witness was not furnished the defendant two days before the case was called for trial, such failure to furnish the defendant with the name of such witness and permitting such witness to testify will not be reversible error where it is shown that the witness did not testify as to any material fact against the appellant."

See, also, Havill v. United State, 5 Okla. Cr. 334, 115 Pac. 119; Fowler v. State, 8 Okla. Cr. 130, 126 Pac. 831; Ford v. State, 23 Okla. Cr. 46, 212 Pac. 444.

Neither the age of the defendant nor his whereabouts after the commission of the crime were material elements

of the crime, and were no part of the proof the state was required to offer to establish the offense.

The defendant took the stand and testified that he was 22 years of age, and that he had been absent from the state for 15 months. It is apparent from the record that the defendant was neither injured nor prejudiced by the admission of such testimony.

Defendant next complains that the court erred in refusing the proffered instruction of the defendant on circumstantial evidence. The instruction offered by the defendant was a correct statement of the abstract principle of law, but the same was sufficiently covered in the instructions given by the court upon its own motion.

An examination of the record discloses that the defendant was accorded a fair and impartial trial, that the errors complained of are without substantial merit, and that the evidence supports the verdict of the jury.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.