## DARIAN RAY McCOMAS v. STATE.

No. A-9940. Nov. 25, 1942.

(131 P. 2d 488.)

322

324

328

Hatcher & Bond, of Chickasha, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is prosecuted from a judgment rendered in the district court of Grady county, in accordance with the verdict of a jury finding Darian Ray McComas guilty of rape in the second degree and assessing his punishment at imprisonment for a term of one year in the Granite Penitentiary.

The information, omitting merely formal parts, charges:

"That Darian Ray McComas and Marion G. Archer, did in Grady County, on or about the 7th day of August, 1938, and anterior to the presentment hereof, commit the crime of Rape—First Degree, in the manner and form as follows to wit:

"That on or about said day and date, and in said county and state, the said defendants, Darian Ray Mc-Comas and Marion G. Archer, then and there being, did then and there wrongfully, wilfully, unlawfully, forcibly, violently and feloniously, make an assault in and upon one Dorothy Lee Burks, a female not the wife of the said Darian Ray McComas or Marion G. Archer, without her consent and against her will, by means of force overcoming her resistance, rape, ravish and carnally know her, the said Dorothy Lee Burks contrary to," etc.

Upon the trial the defense interposed was a denial of accomplishing the act charged, and also nonage, in that at the time of the alleged commission of the offense the defendant was under the age of 18 years.

The grounds of the motion for a new trial and assigned as error in the petition are, in effect, that the verdict was contrary to law and to the evidence.

The other assignments are:

"Error of the court in overruling the defendant's demurrer at the close of the state's evidence; error of the court in not directing the jury to return a verdict of not guilty for the defendant, as requested by the defendant, at the close of all the evidence in the case;" error of the court in giving instructions numbered 5, 9, 11, and 14 over the objections and exceptions of the defendant.

The errors assigned require consideration of the following Penal Code provisions:

As defined by our Penal Code:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances: * * * Fourth. Where she resists but her resistance is overcome by force and violence." Section 2515, Sts. 1931, 21 O. S. 1941 § 1111.

The sections which classify the crime of rape into degrees and fix the punishment are:

"No conviction for rape can be had against one who was under the age of 14 years at the time of the act alleged unless his physical ability to accomplish penetration is proved as an independent fact and beyond a reasonable doubt. Nor can any person be convicted of rape on account of an act of sexual intercourse with a female over the age of 14 years, with her consent, unless such person was over the age of 18 years at the time of such act." Section 2516, Sts. 1931, 21 O. S. 1941 § 1112.

"Rape committed by a male over eighteen years of age upon a female under the age of fourteen years, or incapable through lunacy or unsoundness of mind of giving legal consent; or accomplished with any female by means of force overcoming her resistance, or by means of threats of immediate and great bodily harm, accompanied by apparent power of execution, preventing such resistance, is rape in the first degree. In all other cases rape is of the second degree." Section 2518, Sts. 1931, 21 O. S. 1941 § 1114.

"Rape in the first degree is punishable by death or imprisonment in the penitentiary, not less than fifteen years, in the discretion of the jury, or in case the jury fail or refuse to fix the punishment then the same shall be pronounced by the court." Section 2519, Sts. 1931, 21 O. S. 1941 § 1115.

"Rape in the second degree is punishable by imprisonment in the penitentiary not less than one year nor more than fifteen years." Section 2520, Sts. 1931, 21 O. S. 1941 § 1116.

Under section 2516, if the male is under the age of 18 years, and the female is above the age of 14 years, and the act is with her consent, no offense is committed, nor can a person be convicted of rape with a female over the age of 14 years with her consent, unless such person was over the age of 18 years at the time of said act. See Brasel v. State, 48 Okla. Cr. 403, 291 P. 807.

It is contended that the trial court erred in giving to the jury certain instructions submitting the law of

rape in the first degree, accomplished by force overcoming her resistance:

The court further instructed the jury as follows:

"No. 6. You are also instructed gentlemen, under the law no one can be convicted of rape on account of an act of sexual intercourse with a female over the age of fourteen years, with her consent, unless such person was over the age of eighteen years at the time.

"No. 10. You are instructed gentlemen, that under the law any male under the age of eighteen years having sexual intercourse with a female over the age of fourteen years, accomplished by force or violence overcoming her resistance is guilty of rape in the second degree.

"No. 11. So you are instructed gentlemen, with reference to rape in the second degree, that if, after a fair and impartial consideration of all the evidence in the case and the instructions of the court herein given you, you entertain a reasonable doubt as to whether or not the defendant is guilty of rape in the first degree as hereinbefore defined to you, you should then consider as to whether or not the defendant is guilty of rape in the second degree as herein defined and if, after a fair and impartial consideration of all the evidence in the case and the instructions of the court herein given you, you are convinced beyond a reasonable doubt that in the county of Grady and state of Oklahoma, and on or about the seventh of August 1938, the defendant Dorian Ray McComas, being then and there under the age of 18 years did unlawfully, willfully and feloniously have sexual intercourse with the said Dorothy Lee Burks, without her consent and against her will, accomplished by means of force or violence overcoming her resistance, and she, at said time, was not the wife of said defendant, then in that event you should find the defendant guilty of rape in the second degree and should you find the defendant guilty of rape in the second degree, you must fix his punishment at confinement in the penitentiary for any period not less than one nor more than 15 years.

"In this connection gentlemen, you are instructed that you cannot convict the defendant, if you find and believe from the evidence, or entertain a reasonable doubt thereof, that he was at said time, under the age of 18 years and had sexual intercourse with Dorothy Lee Burks with her consent." Excepted to by the defendant. Exception allowed.

"No. 14. You are instructed gentlemen, if you find and believe from the evidence, or entertain a reasonable doubt thereof, that the defendant was under the age of eighteen years, and further find beyond a reasonable doubt, that he had sexual intercourse with the prosecuting witness, Dorothy Lee Burks, against her will and by force and violence, overcoming her resistance, then he would be guilty of rape in the second degree, whether the said Dorothy Lee Burks was a virgin or of previous chaste character or not." Excepted to by the defendant. Exception allowed.

Counsel for defendant in their brief say:

"The court should have instructed the jury in this case that the evidence was undisputed and uncontradicted that the defendant was under the age of 18 years at the time of the alleged crime."

There is no merit in this contention.

It appears from the record that counsel for appellant presented no request for additional instructions.

It has been repeatedly held by this court that:

"If upon the trial of a criminal case special instructions are desired by the defendant, he is required by the provisions of our Code of Criminal Procedure to present in writing to the court the instructions desired, and it is not error for the trial court to omit to instruct upon every possible question under the defendant's theory of the case, when he has not requested such instructions." Williams v. State, 12 Okla. Cr. 39, 151 P. 900; Merriott v. State, 18 Okla. Cr. 247, 194 P. 263; Pulliam v. State, 61 Okla. Cr. 18, 65 P. 2d 426; Green v. State, 70 Okla. Cr. 228, 105 P. 2d 795.

In Williams v. State, 17 Okla. Cr. 452, 190 P. 892, 893, it is said:

"It was held by this court, in the case of Penn v. State, 13 Okla. Cr. 367, 164 P. 992, L.R.A.1917E, 668, that the provision in section 2415, Revised Laws 1910 [Sec. 2516, Sts. 1931, 21 O. S. 1941 § 1112], 'nor can any person be convicted of rape on account of an act of sexual intercourse with a female over the age of 14 years, with her consent, unless such person was over the age of 18 years at the time of such act,' was a matter of defense to the crime of statutory rape, and that it was not necessary to negative such defense in the indictment or information charging the crime." Cotts v. State, 34 Okla. Cr. 59, 244 P. 817.

The instructions as a whole fully and fairly stated the law applicable to the facts disclosed by the record, and were as favorable to the defendant as the law and the evidence warranted.

The only other question involved in this appeal is the sufficiency of the evidence to sustain a conviction.

Counsel for appellant in their brief state:

"The defendant relies principally in this appeal on the insufficiency of the evidence, and that the state's evidence is too inherently improbable, incredible, unreasonable and contradictory upon which to base a judgment and sentence."

And quotes liberally from numerous cases decided by this court in which the judgments of conviction in rape cases were reversed because not sustained by sufficient competent evidence.

A careful examination of the entire record and the briefs leads to the conclusion that there is no merit whatever in this appeal, and we think the defendant's own

testimony amounts virtually to a plea of guilty. We cannot see how any honest, intelligent jury under the evidence could have returned a verdict otherwise than one of guilty.

It is sufficient to say that the improbability of the prosecutrix' testimony must arise from something other than the likelihood of the improbability of the commission of crimes of this character. The testimony of the prosecutrix must be of such a contradictory and unsatisfactory nature, or else such witness must be so thoroughly impeached, that this court may say that such testimony is clearly unworthy of belief and insufficient in law to sustain the conviction.

In a prosecution for rape it is always legitimate to consider whether the subsequent conduct of the prosecutrix is the usual and natural conduct of an outraged woman, as bearing upon the credibility of her direct testimony. In this case it appears that the prosecutrix immediately made complaint to Mrs. and Miss Nash, the first persons she spoke to upon leaving the defendant's car, and also made complaint to her mother and sister upon meeting them the same day.

In the instant case the testimony of the physicians who examined the prosecutrix on the date the crime was alleged to have been committed corroborated her testimony.

The rule contended for by the defendant was condemned by this court in the case of Bulls v. State, 33 Okla. Cr. 64, 241 P. 605, 606, wherein this court held:

"The old rule of 'resistance to the uttermost' is obsolete, and is repudiated by the more modern authorities. The law does not require that the woman shall do more than her age, strength, the surrounding facts and all attending circumstances make it reasonable for her to

340

do in order to manifest her opposition. In reference to the degree of resistance required, the jury should be instructed that it is necessary, not that the prosecutrix should have made the uttermost resistance, but that she has made such resistance as she was capable of making at the time." And see Burtt v. State, 64 Okla. Cr. 68, 77 P. 2d 580; Thomas v. State, 69 Okla. Cr. 188, 101 P. 2d 283.

Upon the undisputed facts and circumstances in evidence, the contention that appellant did not accomplish an act of sexual intercourse by force overcoming her resistance, or that the prosecutrix consented, is wholly without merit.

Upon a careful examination of the record, we conclude that there was no error committed by the trial court which could have been prejudicial to the substantial rights of the defendant. The evidence shows beyond all reasonable doubt that the defendant was guilty of rape in the second degree, and we think that he ought to be thankful that the jury in fixing the minimum punishment dealt so leniently with him.

As we view the record a case seldom appears in criminal annals showing more depravity in the defendant or a greater outrage to common decency and public morals.

The judgment of the district court of Grady county herein is affirmed.

JONES, J., concurs. BAREFOOT, P. J., absent.