**Robert Eugene KING, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–214.**

Court of Criminal Appeals of Oklahoma.

Jan. 16, 1974.

Robert S. Durbin, Asst. Public Defender, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, Robert Eugene King, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Oklahoma, case number CRF–72–2268, for the crime of Rape in the First Degree. Punishment was fixed at a term of not less than five (5) years nor more than twenty-five (25) years imprisonment in the state penitentiary. From said judgment and sentence the defendant has perfected his timely appeal.

Due to the nature of the single issue raised by the defendant's brief, it will not be necessary to recite the evidence presented at trial.

The defendant's sole contention is that the verdict was contrary to law in that the defendant was seventeen (17) years of age at the time of the commission of the offense and at the time of his trial. The defendant urges that since he was under the age of eighteen (18) years he cannot be guilty of first degree rape, citing Frazee v. State, 79 Okl.Cr. 224, 153 P.2d 637, wherein this Court held that under 21 O.S.1941, § 1114, a male under the age of eighteen (18) years cannot be guilty of first degree rape.

The record reflects that the State did not prove the age of the defendant and that the defendant presented no evidence. However, the record further reflects that subsequent to the date of the judgment and sentence, and in the trial court, the State by and through an Assistant District Attorney for Tulsa County, Oklahoma, stipulated as follows:

"It is hereby stipulated by and between counsel for the respective parties that on the 10th day of August, 1972, the date of the commission of the offense upon which the Defendant was convicted, in case number CRF–72–2268, the Defend-

ant Robert Eugene King was 17 years of age and was charged in the Juvenile Division of the District Court, Tulsa County as a juvenile in the case number JFJ–70–302. Defendant was certified to stand trial as an adult before trial in District Court on February 5, 1973. It is further stipulated that Robert Eugene King, whose birth date is June 11, 1955, was 17 years old at the time of his trial."

The State argues that non-age is an affirmative defense which must be proven by the defendant at trial, citing numerous Oklahoma cases including the following: Penn v. State, 13 Okl.Cr. 367, 164 P. 992; Williams v. State, 17 Okl.Cr. 452, 190 P. 892; Brasel v. State, 48 Okl.Cr. 403, 291 P. 807; McComas v. State, 75 Okl.Cr. 321, 131 P.2d 488; and Brown v. State, Okl.Cr., 435 P.2d 173. However, no case cited above deals with a factual situation directly in point with the instant case as no juvenile proceedings were held where it was judicially determined that a defendant was under the age of eighteen (18) years.

Therefore, the sole issue raised on appeal is whether the State can properly proceed against a minor accused on a charge of rape in the first degree after juvenile proceedings required by law judicially determine that the accused is under the age of eighteen (18) years, although the accused is then properly certified to stand trial as an adult. We think not.

Oklahoma law, 10 O.S. § 1112, as amended, requires that any person under the age of eighteen (18) years who violates any state statute or municipal ordinance shall not be tried in a criminal action, but in a juvenile proceeding. If said minor child is charged with delinquency as a result of an offense which would be a felony if committed by an adult, the court, after considering certain guidelines enumerated by statute, may in its discretion continue the juvenile proceeding, or certify such child capable of knowing right from wrong, and to be held accountable for his acts, for proper criminal proceedings to any other division of the court which would have trial jurisdiction of said felony if committed by an adult.

In the instant case the juvenile proceedings were held pursuant to statute. It was judicially determined that the defendant was under the age of eighteen (18) years and he was then properly certified to stand trial as an adult. The State was apprised of the defendant's age and justice requires that the trial court take judicial notice of same and order an immediate reduction of the charge to second degree rape.

It is, therefore, the opinion of this Court that when an accused is judicially determined to be under the age of eighteen (18) years in a juvenile proceeding required by law, it becomes the duty of the State and the trial court to reduce immediately a charge of first degree rape to second degree rape.

For the reasons set out above the judgment and sentence appealed from is hereby reversed and the cause is remanded for new trial on a reduced charge of Rape in the Second Degree.

BRETT and BUSSEY, JJ., concur.