L. C. SPENCER et al. v. STATE.

No. A-7336. Opinion Filed May 10, 1930.
(287 Pac. 1044.)

Meyer & White, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Hughes county on a charge of having possession of intoxicating liquor, and their punishment fixed at a fine of $50 and confinement in the county jail for thirty days for each of them.

The defendants filed a motion to suppress the evidence, and in support of said motion introduced the affidavit, the search warrant, and the copy served upon the defendants. The affidavit was made on the 29th day of December, 1928, alleging that one Sutton, whose first name was unknown, was violating the prohibitory liquor laws, and praying for a search warrant to search the premises of said Sutton. On the same day the justice of the peace issued a search warrant directing the officers to search the premises of one Sutton described as the N. W. quarter, section 14, Tp. 8 N., R. 8 E., in Hughes county and the houses and buildings thereon. Sid Huddleston, the deputy sheriff who served the warrant, being called by the defendants as a witness, testified that he had changed the date of the search warrant from the 29th day of Decem-

ber to the 30th, and had written the name, "L. C. Spencer" into the warrant, and had stricken out of the copy of the warrant the words, "Sutton whose first name is not known," and had written into such copy the name, "L. C. Spencer," and then served the same on the defendants; that these alterations were made by him without the knowledge or consent of the justice of the peace who issued the same, and after the same had been signed by the justice of the peace and delivered to him.

The motion to suppress should have been sustained. The search warrant is process issued by the magistrate, and is the only authority upon which the officer may proceed. It was the duty of the officer to search the premises under the warrant as issued by the magistrate. No officer charged with the duty of serving such processes has any authority to make any alteration or change in the same, and, where such changes are made by the officer, the warrant becomes a nullity, and evidence obtained by a search and seizure under such altered warrant is inadmissible.

We cannot too strongly condemn the practice of some officers who carry about with them "John Doe" search warrants issued in blank or who change valid search warrants in their possession to fit what they consider the facts at the time the search is made. The trial court should have sustained the motion to suppress the evidence.

For the reasons stated, the cause is reversed and remanded, with directions to the trial court to dismiss the same.

EDWARDS, P. J., and DAVENPORT, J., concur.