## CHARLIE DAVIS v. STATE.

No. A-7457. Opinion Filed June 21, 1930.
On Rehearing Sept. 6, 1930.
(291 Pac. 158.)

. Bridges & Ivy, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Jefferson county of the crime of having unlawful possession of mash, wort, and wash, and his punishment fixed at a fine of $200 and confinement in the county jail for 60 days.

The defendant contends that the court erred in overruling his motion to suppress the evidence because of an unauthorized alteration in the search warrant and because the premises searched were not the premises described in the affidavit and search warrant before its unauthorized alteration. The affidavit described the premises as the. "N. E. ¼ of sec. 34, twp. 7, R. 7, Jefferson county." The same description was written into the search warrant. Some person with ink drew a line through the "N. E. ¼ of sec. 34," and in different ink and in different handwriting

wrote, "N½, S. W. ¼ and S. ¼, N. W. ¼ sec. 31." This warrant was obtained by an affidavit made by W. M. Bass, a deputy sheriff, who testified that he knew that the warrant had been altered but did not know who had done it, and finally said that the warrant was changed to fit the place searched at the time the search was made.

In the case of Spencer et al. v. State, 47 Okla. Cr. 262, 287 Pac. 1044, this court had under consideration the precise question involved in the case at bar, and the case was reversed for the reason that the description in the warrant was altered to fit the place searched without any authority of law. No sheriff, constable, or peace officer has any authority to make a material alteration in the search warrant after the same has been delivered to him. Any search and seizure made under a search warrant so altered is illegal and void and the evidence inadmissible.

For the reasons stated, the cause is reversed.

On Rehearing.

On June 21, 1930, the court rendered an opinion reversing this case. Thereafter, on application of the state, a rehearing was granted and the state and the defendant required to file briefs.

After examination of the briefs and upon further consideration of the questions presented, the original opinion is adhered to and the case reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.