## J. J. CALDWELL v. STATE.

No. A-7867. Opinion Filed June 19, 1931.
(1 Pac. [2d] 415.)

238

J. Hugh Nolen and W. A. Ratterree, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of possessing a still, and was sentenced to pay a fine of $250 and to be imprisoned in the county jail for 90 days; and has appealed.

Murray Barton, called as a witness on behalf of the state, stated:

"I am undersheriff of Okfuskee county; I knew J. J. Caldwell, the defendant; I had occasion to visit the defendant on or about the 28th day of December, 1929; the defendant objected to the introduction of any testimony in the case, for the reason that the evidence obtained was wholly unwarranted; that no proper search warrant was issued; no proper affidavit for the search warrant was made, and no proper search warrant was issued covering the premises of J. J. Caldwell."

The court excused the jury, and the following witness was called in support of the objection of the defendant in the introduction of the testimony of the state. Murray Barton stated:

"I know Roy Parham; he is a justice of the peace; was on the 28th day of December, 1929; on the 28th day of December, 1929, I called the county attorney and got

a search warrant; I gave him the information I had and got a search warrant; I did not give any information to the justice of the peace; Roy Parham did not swear to the affidavit; I did not see Roy Parham; I know that Roy Parham has been away on his wedding trip. I did not know when he came back."

On cross-examination, in response to the following questions, the witness gave the following answers:

"Q. Did you sign it before Roy Parham? A. I don't know whether I signed it in the county attorney's office or in our office. I called him about dark. Q. You know you did not sign it before Roy? A. Yes, sir; I know I did not sign it before Roy. Q. You know that Roy never swore you to the affidavit? A. No, sir."

Roy Parham stated:

"I was justice of the peace on the 28th day of December, 1929; I left on the morning of the 22d of December, 1929, on a wedding trip and returned on the 3rd day of January, 1930; on the 28th day of December, 1929, I was in Jackson, Miss.; M. M. Barton did not appear before me in Jackson, Miss., to obtain a search warrant to search the premises of J. J. Caldwell. The signature to state exhibit 'A' is my signature; I don't remember when I signed that paper; Mr. Jones prepared most of the search warrants and would come in and I would swear him to the part of it was there and he would prepare the blank places like he wanted them; I did not sign the exhibit on the 28th day of December, 1929, the date it is shown to have been signed; I imagine it was prepared in blank at the time I signed it; if I signed that exhibit any time during December I signed it prior to the 22d day of December, 1929."

The objection of the defendant to the introduction of the testimony should have been sustained. It is clearly shown that Murray Barton was not sworn to the affidavit upon which the search warrant was based before Roy Parham; that the signature of the justice of the peace

was signed to a blank and the blank filled in afterwards; for that reason the affidavit was insufficient to warrant the issuing of the search warrant to search the home of the defendant. No officer has authority to have an affidavit signed in blank, and fill them out to fit what they consider the facts are at the time the search is made. In Spencer et al. v. State, 47 Okla. Cr. 262, 287 Pac. 1044, the practice of some officers carrying around with them a John Doe search warrant issued in blank was strongly condemned. There being no competent testimony to sustain the conviction, the cause is reversed and remanded.

EDWARDS and CHAPPELL, JJ., concur.