## DYER v. CHISSOE.

No. 2615. Opinion Filed April 15, 1913.

(131 Pac. 701.)

COURTS—Transfer of Appeals—County Courts. Where on appeal from a justice of the peace in Coweta division, Wagoner county, to the county court of Wagoner county, Coweta division, defendant moved to transfer the cause to the Wagoner division of the county court on the ground that Wagoner was nearest his residence, and where plaintiff appeared, and waived notice of service of the application to transfer, **held**, construing Act March 12, 1909 (Sess. Laws 1909, p. 199) art. 13, secs. 2, 5, that "shall be transferred to, * * * the county court held in said county nearest defendant's residence," is mandatory, and that the court erred in overruling the motion.

(Syllabus by the Court.)

*Error from County Court, Wagoner County;*
*W. T. Drake, Judge.*

·Action by Dora Chissoe, by her guardian, against James Dyer. Judgment for plaintiff, and defendant brings error. Reversed.

*Watts & Watts,* for plaintiff in error.

TURNER, J.   On November 22, 1909, the defendant in error, Dora Chissoe, by her guardian, recovered judgment for $50 against James Dyer, plaintiff in error, before a justice of the peace of Coweta division, Wagoner county.   On December 31, 1909, defendant perfected his appeal to the county court of Wagoner county, Coweta division, and on one of the days of the regular May term of that court at that place filed a motion to transfer the case to the Wagoner division of the county court on the ground "that he resided within one mile of the city of Wagoner, and that Wagoner is the nearest and most convenient to the defendant."   On the same day the plaintiff appeared and waived notice of the application to transfer, but objected thereto on the ground that defendant had waived his rights so to do because he did not appeal direct from the justice to the county court at Wagoner, and thereupon the court overruled the motion on that ground. There was trial and judgment for plaintiff, and after motion for a new trial filed and overruled defendant brings the case here, assigning for error the overruling of his motion.   It was the duty of the court to make the transfer.   Act March 12, 1909 (Sess. Laws 1909, p. 199, art. 13), provides:

"Sec. 2.   That said court held at Coweta, Wagoner county, Oklahoma, shall have original jurisdiction as a county court over the entire county.   Provided, that upon application presented after reasonable notice any action or matter pending in either court shall be transferred to or remain in the county court held in said county nearest the residence of the defendant, or one of the defendants, in such action.   *   *   *"

"Sec. 5.   In all cases of appeals from justices of the peace,

the appellant may appeal to either county court held in the county, and the same may be transferred as herein provided."

When section 5 provided that, "in all cases of appeals from justices of the peace, the appellant may appeal to either county court held in the county," it meant just what it said; and, when it further provided "and the same may be transferred as herein provided," it meant that any cause appealed to either county court may be transferred as provided by section 2. And when said section provides, as it does, that the procedure shall be upon application presented after reasonable notice and commands that any action or matter pending in either court shall be transferred to the court nearest the residence of the defendant, or if already there by appeal shall remain there, it means what it said and that the language, "shall be transferred to * * * the county court held in said county nearest defendant's residence," should be regarded and the same is mandatory. Reversed.

All the Justices concur.