## STATE *ex rel.* OKLAHOMA CITY v. SUPERIOR COURT OF OKLAHOMA COUNTY.

No. 5182.   Opinion Filed November 11, 1913.

(136 Pac. 424.)

1.  **COURTS—Superior Courts—Statutory Provisions.** Section 6 of an act of the Legislature approved March 22, 1913, entitled "An act amending section 1 of article 7 of chapter 14 of Session Laws 1909, etc." (Sess. Laws 1913, p. 123), applies to superior courts continued by said act until January, 1915, as well as to those courts continued indefinitely by said act.

2.  **SAME—Transfer of Causes—Time for Filing Motion.** Where a party in a civil action pending in any such superior court seeks by virtue of said statute to have the same removed to the district court, he must, by reason of section 1 of the act of the Legislature approved March 22, 1911, entitled "An act amending section 10, article 7, chapter 14 of Session Laws of Oklahoma 1909, etc." (Sess. Laws 1910-11, c. 121), file his motion for such transfer before the cause is set for trial in the superior court.

(Syllabus by the Court.)

Mandamus by the State, on the relation of the City of Oklahoma City, against the Superior Court of Oklahoma County; Edward Dewes Oldfield, Judge. Peremptory writ denied.

*J. W. Johnson,* for relator.

*Harris & Nowlin, W. H. Zwick,* and *James S. Twyford,* for respondent.

*Shartel, Keaton & Wells, amici curiae.*

HAYES, C. J.  Relator brings this action originally in this court to compel by mandamus the superior court of Oklahoma county to transfer a certain suit now pending in that court, wherein one Kate Vetter is plaintiff and relator is defendant, from that court to the district court of Oklahoma county.  There is no controversy about the facts.  After the case had been set for trial in the superior court, relator filed its motion therein, requesting the court to transfer the same to the district court.  This motion was overruled by respondent, upon the ground that, since it was not filed until after the cause was set for trial, the motion was too late.  Respondent has not questioned that mandamus is a proper remedy for relator.  We shall therefore assume this to be a proper remedy, and shall dispose of the case upon the questions briefed and presented by counsel for the respective parties.

Section 6 of an act of the Legislature approved March 22, 1913 (Sess. Laws 1913, p. 123), reads as follows:

"In all counties where said superior courts are, by this act, continued, the judges of the said superior courts shall, upon motion  *  *  *  in any cause within the jurisdiction of the district court, transfer such cause or causes, by order, to the district court, and upon such transfer being made, such cause shall stand for trial in said district court as if it had been originally filed therein, and in such cases the clerk of the superior court shall transfer the original files to the district court."

It is upon the authority of this section that relator asserts its right to have the cause against it, pending in the superior court, transferred at any time upon its motion to the district court.  Respondent, on the other hand, contends:  First, that the foregoing statute does not apply to the superior court of Oklahoma county, because said court was not continued by the act of which said statute forms a part; and, second, that said statute must be construed in connection with a certain act of the Leg-

islature approved March 22, 1911 (section 1, c. 121, Sess. Laws 1910-11), by which act it is provided that the judges of the district courts in counties in which superior courts exist shall, upon motion of a plaintiff in any civil action, transfer the cause to the superior court; and the judge of any superior court, upon motion of the plaintiff in any cause pending in such court, shall transfer the same to the district court of the county having jurisdiction thereof; but that no transfer shall be made if the motion is not filed before the setting of the cause for trial in the court in which the cause is pending at the time of the filing of such motion. Respondent contends that, under the provisions of this statute, the superior court was not authorized to make the transfer upon relator's motion filed after the cause was set for trial in the superior court.

The first contention of respondent is without merit. The original statute creating superior courts in certain counties of the state was approved on March 6, 1909 (Sess. Laws 1909, p. 181). Under this statute a superior court was established in Oklahoma county and in several other counties of the state. The act of 1913, of which section 6, *supra,* forms a part, amends the original act which created the superior courts in such counties, by providing for the abolishment of some of said courts; for the continuation of some of them, and by providing for the transfer of causes, records, and papers in the courts abolished and for the transfer of certain causes in the courts continued. This act affects the abolishment of some of the courts theretofore created and in existence at the time of its passage immediately upon said act's becoming effective. Some of the courts not abolished immediately upon the act's becoming effective are continued until 1915, and others are continued indefinitely. Section 6 applies to courts that are continued, without reference to whether they are continued temporarily or for an indefinite period. The superior court of Oklahoma county belongs to that class which ceases to exist after the first Monday in January, 1915, but it is continued until that time; and we think it was clearly the legislative intent that section 6 should apply to all such courts, so long as they continue in operation. Section 4 provides

for the transfer and disposition of causes pending in the court at the time of its dissolution. Section 6 provides that a transfer of a civil cause shall be made either upon the motion of plaintiff or defendant from the superior court in which it is pending to the district court; but the act is silent as to when such motion shall be filed. So far as may be ascertained from this statute alone, such motion may be filed at any time before the completion of a trial in the superior court. It might be filed after the cause is set for trial, after the jury is impaneled, or after any other stage in the proceeding, when either defendant or plaintiff becomes dissatisfied with the prospect of a successful termination of his suit. The language is mandatory that, upon the filing of the motion, the court shall make the transfer. The indefiniteness of this statute, standing alone, presents a similar condition to that existing under the original act of 1909 as to causes authorized by that act to be transferred from the district courts and to the superior courts created thereby, for section 10 of the act of 1909 provides that a transfer of any cause pending in a district court of the county in which a superior court is by the act created shall, upon motion of plaintiff, be transferred to the superior court; and, in like manner, civil causes pending in the county court of which the superior court has jurisdiction are required to be transferred to the superior court. That statute is silent as to when the motion by plaintiff for such transfer may be filed. It was, no doubt, the purpose of the act of 1911 to cure this indefiniteness and uncertainty of the statute of 1909 by requiring that the motion for transfer shall be filed before the setting of such cases for trial in the court wherein it is pending.

The foregoing section 6 of the act of 1913 cannot be said to repeal the act of 1911, for the reason that it contains no specific repeal thereof, and for the further reason that it is not in conflict with said act. The two acts are *in pari materia,* and should be construed together, so as to permit both to stand; or, as some of the courts have said of acts that are *in pari materia,* they should be construed as if they constituted parts of one and the same act. *People v. Aichinson,* 7 How. Prac. (N. Y.) 241;

*Plummer v. Murray,* 51 Barb. (N. Y.) 201. If section 6, *supra,* of the act of 1913, is to be construed as an independent statute, wholly providing within itself for a transfer of cases from the superior court to the district court upon motion of either plaintiff or defendant, and to require that such transfers shall be made when the motion is filed at any time by either the plaintiff or defendant, then it must repeal that portion of the act of 1911 which requires that, in order for plaintiffs to have such a cause transferred from the superior court to the district court, he must file his motion therefor before the cause is set for trial. Repeals by implication are never favored; and courts will not hold an earlier statute repealed by a later one by such method, unless the conflict between the two statutes is irreconcilable.

Nor can the contention that the statute of 1913 repealed the statute of 1911 by substitution be sustained. A repeal by substitution is effected where the latter of two acts covers the whole subject of the first act, contains additional provisions, and plainly shows it was intended as a substitute for the first act. *Fritz v. Brown,* 20 Okla. 263, 95 Pac. 437; *Smock v. Farmers' Union State Bank,* 22 Okla. 825, 98 Pac. 945; *Hine v. Gokey et al.,* 23 Okla. 870, 102 Pac. 77. The act of 1913 does not cover the entire subject-matter of the act of 1911. Some of the things provided for by the former act which are omitted from the latter are: The transfer of cases from a district court to a superior court, the transfer of cases from the county court to the superior court, and the transfer of cases from the superior court to the county court; all of which, under certain contingencies, are authorized to be done upon motion of the plaintiff by the act of 1911, and none of which are prohibited by the act of 1913. When it is recalled that the purpose of the act creating the superior courts in certain counties of the state was to relieve the congested condition of the docket of the district courts and the county courts in such counties as they then existed, or as they might become in the future, it is not manifest from the statute under consideration that it was the intent of the Legislature to defeat the principal purpose for which superior courts were created. We do not think the legislative intent of the

later act in this instance difficult to ascertain. It was intended to give to defendant in any civil cause, as well as to plaintiff, the right to transfer a cause from the superior court to the district court; but such transfer was to be made in the manner that had theretofore been prescribed by the statute relating generally to transfer of causes from one court to another. Owing to the mandatory character of the statute, the wisdom of such a requirement is manifest, for without it the plaintiff might in a cause set for trial make no effort to prepare therefor, watch his adversary make costly preparation for trial by subpoenaing witnesses and by procuring their attendance, and then at the moment that the cause is reached upon the docket for trial, compel the court by motion filed therefor to transfer it to the district court; or defendant might in a similar manner perpetrate the same injustice upon the plaintiff, or they might even go further and wait until the jury is impaneled and one or the other, becoming dissatisfied with the panel before him, or apprehensive because of some other reason that he would not have so favorable an opportunity of securing a verdict as he first anticipated, thereupon compel his cause to be transferred. That there ought to be some limitation upon this right of transfer to relieve the court of the mandatory duty to make the transfer at all times is apparent; and the court ought not to strike down that provision of the statute of 1911, requiring the motion to be filed before the cause is set for trial, unless it is obvious that such was the intent of the Legislature; and to our minds no such result was contemplated by the act of 1913.

It is therefore the judgment of the court that the peremptory writ be denied, and relator's petition therefor be dismissed.

All the Justices concur.