## PERKINS et al. v. COOPER, Judge.

No. 22386.   Opinion Filed June 30, 1931.

Withdrawn, Corrected, Refiled and Rehearing Denied Oct. 27, 1931.

Armstrong & Murphy, for petitioners.

Park Wyatt, for respondent.

KORNEGAY, J. This is an original action brought in this court for a writ of mandamus directed to the respondent, LeRoy Cooper, judge of the superior court of Pottawatomie county, Okla., commanding him to make an order transferring a civil case that was filed in the superior court of Pottawatomie county, on the 12th of March, 1931. The petitioners were the defendants in that action, and a money judgment was sought for damages. On the 1st of May, 1931, they filed an application requesting the judge of the superior court to transfer the case to the district court. The superior judge refused to do so, and an alternative writ was issued by this court, and a response has been made thereto by the judge of the superior court. In that response the request is made that the writ be denied on the ground of an adequate remedy by appeal. Under our supervisory power over the courts that appeals come from to this court, in cases where appeal would not give a speedy and adequate remedy, the point involved can as well be decided now as later, and under the circumstances better. We, therefore, hold that the application is proper. As to whether or not the applicants are entitled to relief is another question. That depends on the Constitution of this state and the legislative enactments concerning it, and the construction of their provisions.

Section 6 of article 2 is the foundation for the legislative enactments in a large measure. Section 6 of article 2 of the Constitution provides as follows:

"Sec. 6.   Courts of Justice Open—Speedy Remedy. The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

It will be observed that the command of the Constitution is that justice shall be administered without denial and without delay and without prejudice. Ordinarily, in applications for changes of forum, there is set forth something showing that the party applying would be prejudiced by reason of allowing the administration to continue upon the line it was running on at the time of the application. We have in our system the application for a change of venue and for the change of judge on account of prejudice.

As applied to the present case, the personnel of the jury that would be gotten in the superior court would be different from what would be gotten in the district court, but the localities from which chosen are the same. There is no showing here that the judge or the jury that would try the case in either event would be partial.

The provision of the Constitution referred to is self-executing. The evident purpose of all of the superior court acts was to carry out this provision of the Constitution, to the end that justice should be administered without delay, rather than on account of prejudice in some other court. With that in view, the Legislature early established a superior court in Pottawatomie county, but it was not located at the county seat by legislative enactment. In dealing with it, the Legislature dealt with it as being a court located elsewhere than at the county seat.

After the legislative enactment, the people voted for a transfer of the county seat from Tecumseh to Shawnee, and it is now claimed by the applicants for the writ that the act of 1921, coupled with the election of 1930, rendered it mandatory upon the superior court judge of Pottawatomie county to make the transfer without any reason therefor, merely upon the application of one of the parties. If this were permitted, the very purpose of the act to expedite the administration of justice could thereby be well avoided, provided that one-half of the lawyers engaged in the practice of law in Pottawatomie county were so minded. In other words, it would depend entirely upon the wish of the lawyers, rather than the discretion of those put in authority to pass upon it. Such a result should be avoided if possible. Most clearly the act of 1921 did not apply to the superior court of Pottawatomie county at the time it was passed. Without anything foreseen by the Legislature as actually going to happen, but a mere possibility arising out of the election for county seat, it is clear that to apply the provisions to the present situation would in all probability result in a condition unthought of by the Legislature.

Two views of the matter are before us: One is that the Legislature intended to take from the presiding judge any discretion in the matter by the act of 1921. That result should be avoided. Necessarily, by all rules of construction, we must so hold. By so holding, the clear purpose of the Legislature running through the creation of the superior courts, to relieve congested litigation and expedite litigation, could be easily thwarted. The act governing is the act of 1921, and is as follows:

"Section 3116. Transfer of Cases—District Court and Superior Court. The district court, or judge thereof, in any county wherein a superior court exists, may, in his discretion, at any time, transfer any cause pending and undetermined therein to the superior court of said county. The superior court or judge thereof may, at any time, in his discretion, transfer to the district court of said county any cause pending and undetermined therein which may be within the jurisdiction of the district court, and at any time in his discretion may transfer to the county court any cause pending therein except probate matters, of which the county court might have had original jurisdiction.

"The county court or judge thereof, may, at any time, in his discretion, transfer any cause pending therein, except probate matters to the superior court. In all counties in which a superior court is held at the county seat, and at no other place, the judges of the said superior courts and the judges of the district courts shall, upon motion of either party to the action, transfer such cause or causes by order to the district court or superior court, as the case may be, except where such cause is regularly set down for trial. Upon such transfer being made, such cause shall stand for trial in the court to which it has been so transferred as if it had been originally filed therein, and in such cases the court clerk shall transfer the original files to the court to which said cause has been so transferred."

When one looks at the history of these acts with reference to the superior court, he will find that they are practically local matters, and that the acts are based upon the relieving of a situation that is temporary and a result of local conditions. In the early acts on the subject, no procedure was prescribed for making the change. By House Bill No. 92, the Legislature evidently recognized that fact, and undertook to prescribe the procedure, which was on motion of either of the parties. However, the act did not undertake in express terms to take away from the judge that discretion that is necessary for the proper administration of justice. On the contrary, it seems to preserve that discretion, and merely prescribe the procedure, which had never been prescribed before.

A great many absurd conclusions can be, and necessarily are, reached, by starting with the premise that the Legislature intended by the act of 1921 to take discretion away from the judge of either court, sitting in Pottawatomie county, and vesting it upon the arbitrary will of the attorneys practicing there.

Under the principle laid down by this court in the case of Diehl v. Crump, 72 Okla. 108, 5 A. L. R. 1272, 179 Pac. 4, to allow these changes to be made in the manner that the petitioner for the writ insists is allowable, would be practically to hold a surrender of judicial power was properly created by an act of the Legislature. At the same time it would be at least subversive of section 6 of the Bill of Rights, that was intended for individual protection, as well as for the due and orderly course of the administration of justice.

By providing the procedure in cases of removal, so that the judge of his own motion would not start the proceeding, but one of the parties should start it, and his discretion should determine the matter, would render the act constitutional, so far as the division of power is concerned between the judiciary and the Legislature. However, we are not without a guide in the matter,

aside from the decision above referred to, in the general rules of statutory construction. In view of the fact that these acts were all special and were temporary in nature, it could well be concluded that the superior court at Shawnee, not being subject to the law at the time of passage, would not come under its operation by virtue of a change of the county seat from Tecumseh to Shawnee. However, it is not necessary to so hold in this case in order to arrive at a conclusion that would forbid our interfering with the act of the court below, in view of the history of these acts and their evident purposes.

The presumption in a case of this character is that the act of the superior judge was correct, and that presumption will have to be set aside before we could make this mandamus perpetual. In view of the fact that clearly this is a matter of procedure embodied in the act, and in view of the fact that the judge below, in refusing to make the transfer, was evidently performing a judicial function, we think that we should not make this writ perpetual.

The term "shall" is used with reference to procedure. It is a term that in some other places might be held as being mandatory, but taking the history of these acts, and the purpose for which these courts were established, and especially the one at Shawnee, and applying the rules that have been laid down by Black on Interpretation of Laws, the making of the mandamus perpetual should be denied. At paragraph 157, page 553, of Black on Interpretation of Laws (2nd Ed.) we find the following:

"157. Statutes imposing duties on the courts, in respect to the conduct. course, or determination of proceedings before them, will be construed as directory only, where the matter to which they relate is a proper subject for the exercise of judicial discretion, notwithstanding the use of imperative terms."

The text on the subject of Statutory Directions to Courts is as follows:

"Statutory Directions to Courts. The word 'shall,' when used by the Legislature in the way of imposing a duty on the courts, or requiring them to take action, is usually held to import no more than a grant of authority, and is read as equivalent to 'may.' The reason is that the legislative branch of the government has no power to lay commands upon the judiciary in respect to any matter involving judgment or the exercise of judicial discretion, nor in any matter. not of a merely ministerial or routine character. 'The Legislature is as powerless to coerce judicial action as the courts are to

issue mandamus against the Governor or the Legislature, each being independent of each of the others within their respective spheres of duty.

"Matters Involving Exercise of Judicial Discretion. A statutory mandate addressed to a court or judge, no matter how positive and imperative may be its terms, will be construed as merely granting authority or jurisdiction, when the subject to which it relates is one upon which it is proper and usual for courts to exercise their judgment and their judicial discretion, and where no party has a fixed and absolute right to demand that action under the statutes shall be taken in his behalf. Thus, a statutory provision that, in an action founded on a nuisance, the nuisance 'may be enjoined and abated,' is directory only, so that, on recovering damages for a permanent nuisance, the plaintiff is not entitled, as a matter of right, to an injunction or an order of abatement. So, in a statute providing that, where corporations are acting outside of their franchises, the court 'shall,' by injunction, restrain such injurious acts, the word is not mandatory, but is a grant of authority. A statute authorizing trust companies to act as executors or administrators, and providing that the surrogate may, on the application of a party in interest, grant letters of administration to such a company, does not deprive him of discretion in the matter nor imperatively require him to make such an appointment when requested. So, where the law provides that the probate court 'may' remove an executor for certain specified causes, it is to be understood as granting a discretionary power of removal which is not compulsory on the court, even though one of the specified causes exists. So a statute providing that if an executor or administrator shall neglect or fail to return an inventory at the proper time, the court shall revoke his letters, is not mandatory, but vests a discretion in the court as to whether or not the revocation shall be made in the particular case."

Again, the presumption of the meaning of the Legislature is that it did not intend, by this statute, to oust the judiciary of its power of discretion in the administration of justice. Black, on Interpretation of Laws, at page 106, says:

"The principle of the separation of the powers of government into three co-ordinate departments requires that each of these should be independent of the others, and that neither should usurp the functions nor encroach upon the lawful powers of the others. Hence, any act of legislation which should amount to an unlawful assumption of either executive or judicial powers, or which should arrogate to the legislative department duties or prerogatives which the fundamental law confides to the other

branches of the government, would be, for that reason, invalid and of no effect. But an intention thus to exceed the limits of its rightful power is never to be imputed to the Legislature. On the contrary, the presumption is that it has kept within those limits. And, in case of a doubtful or ambiguous law, the construction should be such as will reconcile the expressed will of the Legislature with the limits fixed for the sphere of its action, and with the proper jurisdiction of the other departments."

If the construction is given the act that the applicant for the mandamus in this case insists should be given, we think it would clearly be an infringement by the Legislature upon the power of the judiciary to orderly conduct the administration of justice, as the judge would be powerless to prevent a constant change from one court to the other.

The application for a permanent mandamus is denied, and the alternative writ of mandamus is discharged.

LESTER, C. J., and HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY and CULLISON, JJ., dissent. CLARK, V. C. J., absent.