## ACME OIL & GAS CO., Ltd., et al. v. COOPER, Judge.

No. 25039. May 29, 1934.

Arrington & Evans, George M. Green, R. B. Hummer, W. N. Stokes, J. B. Dudley, Miley, Hoffman, Williams, France & Johnson, Wm. O. Beall, Darrough & Foster, Wm. H. Zwick, Pearson & Houston, McQueen & Kidd, J. C. Denton, I. L. Lockewitz; Reuben M. Roddie, Horace B. Clay, Freeling & Box, Stokes & Jarman, Twyford & Smith, Mc-

Laury & Hopps, Warren H. Edwards, Paul Brown, Edwards & Robinson, Logan, Stephenson, Simons, McKnight, Simons, Mitchell, & McKnight, Everest, McKenzie, Halley & Gibbens, Bookstore & Reed, Chas. B. Selby, Clarence M. Mills, Embry, Johnson, Crowe & Tolbert, John Wheeler, Fred M. Carter, W. P. Z. German, and Ames, Cochran, Ames & Monnet, for relators.

Randall, Pittman and Reily & Reily, for respondent.

BAYLESS, J. This is an original proceeding in this court to compel by mandamus the superior court of Pottawatomie county to transfer a certain suit now pending in that court wherein the city of Shawnee, a municipal corporation, is plaintiff, and relators are defendants, from that court to the district court of said county.

There is no controversy regarding the facts. It is conceded that the superior court of Pottawatomie county is held at the county seat of said county and no other place.

Numerous propositions are advanced and argued in the briefs of the respective parties, but a construction, or rather the proper construction, of section 3917, O. S. 1931, and the previous holdings of this court on like statutes is, in our opinion, the decisive question presented.

The writ of mandamus is not a writ of right, but is an ancient prerogative writ, and will not issue unless the applicant therefor shows that he is clearly entitled thereto and that the act sought to be performed is purely ministerial in its nature.

Section 3917, O. S. 1931, was originally enacted in 1915 (Session Laws 1915, chap. 20, sec. 15), and was amended in 1919 (Session Laws 1919, chap. 104, sec. 1), and further amended in 1921 (Session Laws 1921, chap. 76, sec. 1), and reads as follows:

"The district court, or judge thereof, in any county wherein a superior court exists, may, in his discretion, at any time transfer any cause pending and undetermined therein to the superior court of said county. The superior court or judge thereof may, at any time, in his discretion, transfer to the district court of said county any cause pending and undetermined therein which may be within the jurisdiction of the district court and at any time in his discretion may transfer to the county court any cause pending therein except probate matters, of which the county court might have had original jurisdiction. The county court, or judge thereof, may at any time, in his discretion, transfer any cause pending therein, except probate matters to the superior court. In all counties in which a superior court is held at the county seat, and at no other place, **the judges of said superior courts and the judges of the district courts shall, upon motion of either party to the action, transfer such cause or causes by order to the district court or superior court, as the case may be, except where such cause is regularly set down for trial.** Upon such transfer being made, such cause shall stand for trial in the courts to which it has been so transferred as if it had been originally filed therein, and in such cases the court clerk shall transfer the original files to the court in which said cause has been so transferred."

If language is clear and amounts to but one meaning, there is no room for construction. See Patterson v. Wilson, 11 Okla. 75, 65 P. 921.

A reading of the above statute clearly shows that in the matter of transfer of cases in counties where there is a superior court, the district court, superior court, and county court, or the judges thereof, may at any time transfer any cause pending in said courts from said court to another court in said county within jurisdictional limits, but the statute provides further, that in all counties in which a superior court is held at the county seat, and at no other place, the judges of the superior court and the judges of the district courts shall, upon motion of either party to the action, transfer any cause pending in either of said courts to the other, where said cause had not been regularly set down for trial at the time of the application. It will be observed that the language used is imperative in mood. If this is merely a procedural matter and as such within the power of the Legislature to enact, effect should be given to the language employed by the lawmakers.

We have had occasion in the cases of Dyer v. Chissoe, 38 Okla. 28, 131 P. 701, and State ex rel. Oklahoma City v. Superior Court of Oklahoma County, 40 Okla. 120, 136 P. 424, to construe similar statutory enactments. In Dyer v. Chissoe, supra, it was held:

"Construing the Act of March 12, 1909 (Session Laws 1909, page 199) art. 13, secs. 2 and 5, that 'shall be transferred to * * * the county court held in said county nearest defendant's residence', is mandatory and that the court erred in overruling the motion"

—and in State ex rel. Oklahoma City v. Superior Court, supra, Hayes, C. J., speaking for the court, said:

"We do not think the legislative intent of

the later act in this instance difficult to ascertain. It was intended to give the defendant in any civil cause, as well as to the plaintiff, the right to transfer a cause from the superior court to the district court; but such transfer was to be made in the manner that had theretofore been prescribed by the statute relating generally to transfer of causes from one court to another."

We therefore hold that that part of section 3917, O. S. 1931, which provides:

"In all counties in which a superior court is held at the county seat, and at no other place, the judges of said superior courts and the judges of the district courts shall upon motion of either party to the action, transfer such cause or causes by order to the district court or superior court, as the case may be, except where such cause is regularly set down for trial"

—means just what it says and that it grants to the parties so applying a clear and unmistakable right to the transfer of said cause and that the same does not involve any judicial discretion.

Respondents contend that to give effect to the section of the statute above referred to would permit the parties to make numerous transfers of a cause by merely filing a motion to transfer. We are unable to agree with this contention. We further hold that the provision of the statute which reads:

"Upon such transfer being made, such cause shall stand for trial in the court to which it has been so transferred as if it had been originally filed therein"

—means that one transfer is alone contemplated under this section of said statute, and that if there is any remand or retransfer, it would have to be made by the judge of said court under the discretionary powers vested in him by the provisions of said sections.

Respondent contends that, since the district court was not located in Shawnee at the time said act was passed, the Legislature did not intend for this act to be applicable to the superior court of Pottawatomie county.

Under the authority above stated, we hold that while 'the superior court of Pottawatomie county was not originally within the provisions of the last portion of section 3917, O. S. 1931, supra, such statute was general in its nature, and applied to said court when it came within its purview, as held in State ex rel. Oklahoma City v. Superior Court. supra. In Baker & Strawn v. Magnolia Petroleum Co., 124 Okla. 94, 254 P. 26, we held:

"Under the general rule of construction, where a statute is expressed in general terms and in words of present tense, it will be construed to apply not only to things and conditions existing at the time of its passage, but it will also be given a prospective interpretation by which it will apply to such things and conditions as come into existence thereafter."

But it is further contended by the respondent in this case that the case of Perkins et al. v. Cooper, Judge, 155 Okla. 73, 4 P. (2d) 64, is controlling herein. We have reviewed the previous decisions of this court, and the Perkins v. Cooper Case, supra, and are of the opinion that the prior holdings of this court which were overlooked in the Perkins Case are sound and should be adhered to, and that so much of said case (Perkins v. Cooper, supra) that holds contrary to the views herein expressed is hereby overruled.

From the view we have taken of this matter, we are of the opinion that the relators have a clear right to the relief sought, and that the duty prescribed by the statute is purely ministerial, and that the peremptory writ should issue.

It is so ordered.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and WELCH, JJ., concur. BUSBY. J., absent.