# MARIAN BILBREY v. STATE.

No. A-10132. April 7, 1943.
(135 P. 2d 999.)

Frank Petree, of Altus, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Marion Bilbrey, was charged in the district court of Jackson county with the crime of driving an automobile on a public highway while under the influence of intoxicating liquor, was tried, convicted, and sentenced to pay a fine of $150 and costs, and has appealed.

It is first insisted that the district court is without jurisdiction to enforce the judgment for the reason that the crime for which the defendant was tried and convicted was abated by virtue of the passage of House Bill No. 37, Session Laws 1941, 47 O. S. 1941 § 93, which amended section 10324, O. S. 1931, by providing that the first offense of driving while under the influence of intoxicating liquor shall be a misdemeanor. Jurisdiction for a first offense was lodged in the county court.

In support of this proposition counsel for defendant cite cases from Washington, Wyoming, and Texas which provide that the repeal of a penal statute without a saving clause operates as a bar to any further prosecution under the repealed statute. In Oklahoma, however, we have a constitutional provision which specifically applies to this situation. Article 5, sec. 54, of the Constitution is as follows:

"The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute."

In the case of Penn v. State, 13 Okla. Cr. 367, 164 P. 992, L. R. A. 1917E, 668, the first syllabus provides:

"Section 54, art. 5, Constitution, provides: 'The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any

accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute.' Above section construed in part, and held, 'that statutes repealing penalties for offenses committed in this state operate prospectively and are applicable only to offenses committed after the statute became effective.' "

In the opinion it is stated:

"The very minute this crime was committed the defendant became amenable to the law as it then existed. He then and there by his own voluntary conduct incurred the penalty of that law, and the constitutional provision aforesaid prevents the Legislature of this state from wiping out penalties for crimes committed prior to the taking effect of a repealing statute. * * *

"We hold, therefore, that this defendant was subject to any penalty imposed by law for this crime on the date of its commission, and any subsequent statute repealing such penalty can only operate prospectively, and is applicable only to offense committed after the statute took effect."

See, also, Lilly v. State; 7 Okla. Cr. 284, 123 P. 575, Ann. Cas. 1914B, 443; Jones v. State, 10 Okla. Cr. 216, 136 P. 182, 137 P. 121; Drew v. State, 71 Okla. Cr. 415, 112 P. 2d 429.

The defendant next complains that the evidence is insufficient to sustain a conviction.

It is conceded that the defendant was alone in his automobile and drove it to the front of the police station at the time in question.

The complaining witness, who was the night policeman in charge of the office, saw the car parked so that it extended into the driveway of the fire station, walked out to the car of the defendant and, according to his testimony, saw that defendant was in an intoxicated condition, arrested him, and placed him in jail. The police

chief, another policeman, and the county health officer saw the defendant in jail shortly after his arrest and they all swore that in their opinion he was drunk. An empty pint whisky bottle and a pint bottle half filled with whisky were found in the car of defendant by the arresting officer.

The defendant testified in his own behalf that a policeman had asked him to secure some information for him. That he had procured this information and drove up in front of the police station and honked for the purpose of telling the policeman what he had learned about the matter which the policeman had inquired. That he and Barnhill, the complaining witness, were personal enemies and when Barnhill came to his automobile they started quarreling, whereupon Barnhill hit him in the head with a blackjack and took him into the city jail. The defendant admitted that he had drunk a bottle of beer or two but denied that he was under the influence of intoxicating liquor. The offense happened shortly before midnight.

A man who saw the altercation in front of the police station testified that he saw the defendant and the policeman fighting and followed them into the police station. He said the defendant did not stagger, but he refused to say whether, in his opinion, the defendant was drunk. Another witness for the defendant testified that he saw the defendant in a beer tavern shortly before he was arrested. That defendant was drinking a bottle of beer but that he was not under the influence of intoxicating liquor.

The only issue raised by the evidence was as to the fact of whether defendant was intoxicated. This was a disputed question under the testimony and was properly submitted to the jury.

It is further argued that the court committed reversible error in allowing the assistant county attorney to cross-examine the defendant and his mother by asking questions for the sole purpose of creating bias and prejudice in the minds of the jury against the defendant. Some of these questions asked defendant are:

"Q. You carry whisky in your automobile, don't you? Q. As a matter of fact you make a habit of drinking whisky all the time, don't you?"

When the defendant's mother was on the witness stand she testified on direct examination concerning a bruise on defendant's head which the defendant claimed had been inflicted by the policeman. On cross-examination she was asked:

"Q. Mrs. Bilbrey, Marian was causing you considerable trouble by drinking excessively, wasn't he? Q. How many automobiles, Mrs. Bilbrey, has he torn up of his own?"

When a negative reply was given to this question the county attorney further asked:

"Mrs. Bilbrey, let me refresh your memory. Didn't he have a wreck about 30 days ago in your automobile or his?"

From admissions made by defendant concerning the whisky found in his car there might be some basis for the questions asked him. There was no basis, however, laid in the questioning by counsel for defendant on direct examination which would justify the asking of the above questions on cross-examination of defendant's mother. After thoroughly considering the record, however, we are of the opinion that the only possible effect such questions could have had on the jury would have been to cause them to enlarge the punishment which they gave defendant.

There can be little question but that the defendant was driving his automobile while he was under the in-

fluence of intoxicating liquor as charged, and the jury probably would have given the same punishment if the county attorney had not asked the improper questions. But because of the improper questioning of the prosecutor it is our opinion that the judgment and sentence should be modified by a reduction of the fine from that of $150 to a fine of $50, and that the judgment and sentence of the district court of Jackson county, as thus modified, is affirmed.

It is so ordered.

BAREFOOT and DOYLE, JJ., concur.