**Joe M. POLLARD, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. PC–74–208.**

Court of Criminal Appeals of Oklahoma.

April 5, 1974.

Miskovsky, Sullivan & Miskovsky, Robert B. Smith, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Judge:

This is an appeal from the denial of post conviction relief in the District Court, Oklahoma County, Case No. CRF–73–2640, wherein Joe M. Pollard, hereinafter referred to as defendant, was charged with the crime of Robbery in the First Degree, After Former Conviction of a Felony, and plead guilty to the lesser offense of Grand Larceny, After Former Conviction of a Felony, and was sentenced to serve ten (10) years imprisonment. Defendant did not attempt to withdraw his plea of guilty, or file a Writ of Certiorari, but filed for post conviction relief in the District Court, Oklahoma County, and the same was denied on the 6th day of March, 1974.

The sole proposition urged in the present appeals is that the sentence of ten (10) years constitutes "cruel and unusual punishment." His argument is based on the fact that his prior felony conviction was Possession of Marihuana, which has subsequently been classified as a misdemeanor by the Legislature.

In Bilbrey v. State, 76 Okl.Cr. 249, 135 P.2d 999 (1943), this Court stated:

"In the case of Penn. v. State, 13 Okl. Cr. 367, 164 P. 992, L.R.A.1917E, 668, the first syllabus provides: 'Section 54, art. 5, Constitution, provides: "The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute." Above section construed in part, and held, "that statutes repealing penalties for offenses committed in this state operate prospectively and are applicable only to · offenses committed after the statute became effective." ' In the opinion it is stated: 'The very minute this crime was committed the defendant became amenable to the law as it then ex-

isted. He then and there by his own voluntary conduct incurred the penalty of that law, and the constitutional provision aforesaid prevents the Legislature of this state from wiping out penalties for crimes committed prior to the taking effect of a repealing statute.

\*   \*   \*   \*   \*   \*

'We hold, therefore, that this defendant was subject to any penalty imposed by law for this crime on the date of its commission, and any subsequent statute repealing such penalty can only operate prospectively, and is applicable only to offenses committed after the statute took effect.'

See also Lilly v. State, 7 Okl.Cr. 284, 123 P. 575 [1912]. . . ."

Again, in 1972, this Court stated in Freshour v. Turner, Okl.Cr., 496 P.2d 389:

"We note there is nothing contained within either the title to the act or within House Bill Number 1705 itself making the particular act retroactive. It is well established that unless a legislative enactment by its very own language is to apply retroactively, it can apply prospectively only. Acme Oil & Gas Co., Limited, et al. v. Cooper, Judge, 168 Okl. 346, 33 P.2d 191; Baker & Strawn v. Magnolia Petroleum Co., 124 Okl. 94, 254 P. 26, 82 C.J.S. Statutes § 319."

The following language appears in 24B C.J.S. Criminal Law § 1982, at pages 572 and 573:

". . . A statute changing the punishment, operative after accused has been convicted does not affect the penalty to be imposed. Once final judgment has been pronounced, a change in the law does not arrest or interfere with execution of the sentence. So, where a statute reducing the penalty applies to cases arising after its passage, one convicted, sentenced, and committed prior to the effective date of the statute may not claim its benefits."

■ We are of the opinion, and therefore hold, that the Legislature may make retroactive a statute lessening the punishment and classification of an offense, but the intent to do so must be affirmatively expressed in said statute. At the time the offense of Possession of Marihuana was committed by defendant, the same was defined as a felony, and the subsequent enactment reducing punishment and redefining Possession of Marihuana as a misdemeanor did not contain language expressing the intent of the Legislature that the same should be applied retroactively.

■ We further hold that in the event a person is convicted under a statute and subsequent to his conviction the Legislature redefines the crime and reduces the punishment therefore, such subsequent enactment cannot modify the final judgment and sentence entered prior to its enactment.

For all of the above and foregoing reasons, the Order Denying Post Conviction Relief is accordingly AFFIRMED, and Joe M. Pollard is advised that he has now exhausted all his state remedies. Affirmed.

BLISS, P. J., and BRETT, J., concur.