962 F.2d 17
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard Eugene HARRIS, Plaintiff-Appellant,
v.
Steve HARGETT, Warden, Defendant-Appellee.
 No. 90-5124.
 United States Court of Appeals, Tenth Circuit.
 May 1, 1992.
 
 1
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and SAM**, District Judge.
 
 
 2
 ORDER AND JUDGMENT***
 
 
 3
 SAM, District Judge.
 
 
 4
 Richard Eugene Harris appeals the denial of his petition for a writ of habeas corpus by the United States District Court for the District of Oklahoma. Mr. Harris claims that the application of sentencing guidelines which are in effect when a crime is committed, but are no longer in effect at the time of conviction and sentencing, violates constitutional guarantees of due process and equal protection.
 
 
 5
 Following a jury trial from April 25 to 27, 1977, Mr. Harris was convicted of committing second degree murder. On May 6, 1977, the jury sentenced Mr. Harris to serve an indeterminate sentence of ten (10) years to life--which sentence was mandated by the law in effect at the time the crime was committed:
 
 
 6
 Every person convicted of murder in the second degree shall be punished by imprisonment in the State Penitentiary for not less than 10 years nor more than life. The trial court shall set an indeterminate sentence in accordance with this section upon a finding of guilty by the jury of murder in the second degree.
 
 
 7
 Okla.Stat.Ann. tit. 21 § 701.4 (West 1973).
 
 
 8
 On July 24, 1976, prior to Mr. Harris' conviction and sentencing but after the murder had been committed, the foregoing statute was repealed and replaced by the following:
 
 
 9
 A person who is convicted of or pleads guilty or nolo contendere to murder in the second degree shall be punished by imprisonment in a state penal institution for not less than ten (10) years nor more than life.
 
 
 10
 Okla.Stat.Ann. tit. 21 § 701.9(B) (West 1976). Thus an indeterminate sentence is no longer mandated by Oklahoma law.
 
 
 11
 The issue in this case is whether Mr. Harris' constitutional rights were violated by the jury's imposition of an indeterminate sentence pursuant to the law in effect at the time the crime was committed despite repeal of that law prior to conviction and sentencing. This court unanimously concludes that Mr. Harris was sentenced under the correct law which sentence is constitutional and affirms the district court's denial of habeas corpus.
 
 
 12
 Petitioner first contends that his sentence violates Okla.Stat. tit. 57 § 353 (1981) which provides, in relevant part:
 
 
 13
 The minimum term may be less than, but shall not be more than, one-third ( 1/3) of the maximum sentence imposed by the court. Provided, however, that the terms of this act shall not limit or alter the right to trials in which a jury is used for the jury to assess the penalty of confinement and fix a minimum and maximum term of confinement, so long as the maximum confinement be not in excess of the maximum term of confinement provided by law for conviction of the offense.
 
 
 14
 The foregoing statute is inapplicable at bar for two reasons. First, Mr. Harris was sentenced by a jury and the statute only outlines sentencing restrictions for the court. Second, this statute was not in effect at the time Mr. Harris was sentenced.
 
 
 15
 Mr. Harris also alleges that the imposition of an indeterminate sentence is unconstitutional. However, the Oklahoma Court of Criminal Appeals has considered other constitutional challenges to the statute under which Mr. Harris was sentenced and has always upheld the constitutionality of the indeterminate sentencing provision. Deason v. State, 576 P.2d 778, 783 (Okla.Crim.App.1978); Cook v. State, 557 P.2d 461, 463 (Okla.Crim.App.1976).
 
 
 16
 Finally, Mr. Harris contends that he should have been sentenced under the law which had gone into effect prior to his sentencing rather than the law in effect at the time he committed the crime. Mr. Harris fails to provide authority for this proposition, but instead suggests that the Oklahoma courts which have applied the penalty in effect at the time the defendant commits the crime have "blurred the distinction." Appellant's Reply Brief, p. 1.
 
 
 17
 In Bowman v. State, 789 P.2d 631 (Okla.Crim.App.1990), the court held that "the appropriate criminal penalty is the penalty in effect at the time defendant commits the crime." The court then observed that the statute defendant propounded as applicable did not go into effect until after defendant was convicted and sentenced. According to Petitioner, the reference to date of conviction and sentencing indicates that the court was actually looking to the time of conviction as determinative of the applicable law. Petitioner's argument is hypertechnical. The court's observation in no way negates its acknowledgment of the "well established rule of law" requiring imposition of the penalty in effect when the crime was committed. Id. at 631,[1] see also Penn v. State, 13 Okla.Crim. 367, 164 P. 992, 993 (1917) ("The very minute this crime was committed the defendant became amenable to the law as it then existed.")
 
 
 18
 The Court will not depart from the well-established rule of law applied by the court below. The judgment of the district court is AFFIRMED and Mr. Harris' petition for Writ of Habeas Corpus is DENIED.
 
 
 
 *
 The parties agree that oral argument is unnecessary and that the case may be submitted on the briefs. Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case, therefore, is ordered submitted without oral argument
 
 
 **
 Honorable David Sam, United States District Judge for the District of Utah, sitting by designation
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner makes the same hypertechnical argument with respect to Pollard v. State, 521 P.2d 400, 402 (Okla.Crim.App.1974) in which the court held that "statutes repealing penalties for offenses committed in this state operate prospectively and are applicable only to offenses committed after the statute became effective." Because the court went on to note that a statute which does not go into effect until after a defendant is convicted does not affect the penalty, petitioner suggests that the court confused the distinction and thus the case cannot stand for the proposition urged by appellee. The court's observation does not contradict its statement of the law