**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 11 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LUTHER ANDERSON,

Petitioner-Appellant,

v.

RON CHAMPION, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents-Appellees.

No. 96-7110
(D.C. No. 94-CV-385-BU)
(E.D.Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Petitioner Luther Anderson, an Oklahoma state prisoner appearing pro se, requests a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. We conclude Anderson is not entitled to a certificate of appealability and dismiss the appeal.

Anderson was charged in state district court in July 1974 with five counts of first degree murder, but the information was amended prior to trial and four counts were dropped. He was convicted of one count of second degree murder and sentenced to imprisonment of ten years to life pursuant to Okla. Stat. tit. 21, § 701.4. The conviction was upheld on direct appeal. Anderson v. State, 551 P.2d 1155 (Okla. Crim. App. 1976).

Anderson filed an application for post-conviction relief in state district court in 1989. After erroneously concluding his sentence was imposed pursuant to Okla. Stat. tit. 57, § 353, the court on December 1, 1989, granted the application and modified Anderson's sentence to a term that required immediate release from imprisonment. The state did not appeal this ruling but, in February 1990, it filed an information charging Anderson with the four counts of first degree murder that had been dropped from the 1974 information. The state district court dismissed two of the counts and Anderson was bound over for trial on the remaining two counts. Anderson, who was represented by counsel, filed a petition for writ of habeas corpus or mandamus in the Oklahoma Court of

Criminal Appeals, and all parties to the proceeding (apparently including the state district court) were directed to file responses addressing the 1989 modification of Anderson's sentence. The Court of Criminal Appeals concluded the state district court had acted without jurisdiction in modifying Anderson's sentence. In re Anderson, 803 P.2d 1160, 1163 (Okla. Crim. App. 1990). The court ordered that Anderson's 1974 sentence be reinstated and that he be re-committed to continue serving that sentence. The court dismissed the four revived first degree murder charges with prejudice on the grounds that prosecution of those charges would violate Anderson's due process rights.

Anderson filed this § 2254 action in federal district court on June 29, 1994. The district court adopted the magistrate's findings and dismissed the action on September 17, 1996. Anderson has filed an application for a certificate of probable cause, which we construe as an application for certificate of appealability under 28 U.S.C. § 2253(c). See Hogan v. Zavaras, 93 F.3d 711 (10th Cir. 1996).

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a § 2254 petitioner to obtain a certificate of appealability prior to appealing a final order of the district court. 28 U.S.C. § 2253(c)(1)(A). A habeas petitioner is entitled to a certificate of appealability only if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We have held

-3-

that the standard for granting a certificate of appealability under the AEDPA is the same as the standard set out by the Supreme Court in Barefoot v. Estelle, 463 U.S. 880 (1983). See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied 117 S. Ct. 746 (1997). Under the Barefoot standard, a certificate will issue only where the petitioner has demonstrated the issues raised are debatable among jurists of reason, a court could resolve the issues differently, or the questions presented are deserving of further proceedings. See Barefoot, 463 U.S. at 893 n.4.

Anderson contends the state district court acted correctly in modifying his sentence in 1989. At the time of his conviction, Anderson was properly sentenced under Okla. Stat. tit. 21, § 701.4, which provided that "[e]very person convicted of murder in the second degree shall be punished by imprisonment in the State Penitentiary for not less than 10 years nor more than life." Although the Oklahoma legislature subsequently enacted Okla. Stat. tit. 57, § 353 (providing, in part, that "[t]he minimum term may be less than, but shall not be more than, one-third (1/3) of the maximum sentence imposed by the court"), that statute is inapplicable to Anderson because he was sentenced prior to its enactment. See Harris v. Hargett, 962 F.2d 17, 1992 WL 92765 at *1 (10th Cir.), cert. denied 506 U.S. 883 (1992).

Anderson also argues the Oklahoma Court of Criminal Appeals erred in reinstating his original sentence because the statute under which he was originally sentenced was repealed in 1976. The fact that the statute under which he was sentenced was subsequently repealed does not entitle Anderson to resentencing. See Pollard v. State, 521 P.2d 400, 402 (Okla. Crim. App. 1974) ("'statutes repealing penalties for offenses committed in this state operate prospectively and are applicable only to offenses committed after the statute became effective'"). Anderson's original sentence was mandatory and constitutional. See Harris, 1992 WL 92765 at *1; Riggs v. Branch, 554 P.2d 823, 829-30 (Okla. Crim. App. 1976).

Finally, Anderson contends the Oklahoma Court of Criminal Appeals lacked jurisdiction under its own procedural rules to review the state district court's decision to modify his sentence. Notably, however, Anderson does not allege his federal constitutional rights were violated by this alleged violation of state procedural rules. Thus, the issue is not cognizable under § 2254. Harvey v. Shillinger, 76 F.3d 1528, 1534 (10th Cir.) ("the only injury that will suffice to support petition for habeas corpus relief is an injury to a petitioner's federally protected right; state law injuries cannot and do not suffice"), cert. denied 117 S. Ct. 253 (1996); see also Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991) ("We are not persuaded that a constitutional violation necessarily occurs when the convicting state court acts without jurisdiction purely as a matter of state law.");

United States v. Mancusi, 415 F.2d 205, 209 (2d Cir. 1969) ("no federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law").

The application for a certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge