# IN THE COURT OF APPEALS OF IOWA

No. 17-0369
Filed March 7, 2018


**CASEY DIXON,**
        Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR SCOTT COUNTY,**
        Defendant-Appellee.
_____


        Appeal from the Iowa District Court for Scott County, Marlita A. Greve,

Judge.


        Defendant challenges his sentence for two counts of robbery in the second

degree. **WRIT ANNULLED.**


        Stuart G. Hoover of Blair & Fitzsimmons. P.C., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


        Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

The question presented in this appeal is whether the constitutional prohibition against cruel and unusual punishments set forth in the Eighth Amendment to the Federal Constitution and article I, section 17 of the Iowa Constitution requires an ameliorative sentencing statute, prospective by its own terms, be applied retrospectively to convictions final prior to the date of enactment. This court reviews this constitutional claim de novo. *See State v. Hoeck*, 843 N.W.2d 67, 70 (Iowa 2014).

In 2009, Casey Dixon was convicted of two counts of robbery in the second degree, in violation of Iowa Code section 711.3 (2009), and sentenced to consecutive ten-year terms of incarceration. The sentencing provision at issue in this case amended the sentencing statute for robbery in the second degree. *See* 2016 Iowa Acts ch. 1104, § 8, codified at Iowa Code § 902.12(3) (2016). Under the prior statute, those defendants, like Dixon, convicted of robbery in the second degree were required to serve seven tenths, or seventy percent, of the maximum term of the sentence prior to becoming eligible for parole or work release. *See* Iowa Code § 902.12(5) (2009). The new law affords discretion to the sentencing court in setting the minimum sentence "between one-half and seven-tenths" of the maximum term of the sentence. *Compare* Iowa Code § 902.12(5) (2009) with Iowa Code § 902.12(3) (2016). In establishing the minimum sentence within this discretionary range, "at the time of sentencing," the district court may consider "all pertinent information including the person's criminal record, a validated risk assessment, and the negative impact the offense has had on the victim or other persons." Iowa Code § 901.11(3). The legislature limited application of the statute

to those convictions "that occur[red] on or after July 1, 2016." Iowa Code § 902.12(3).

After the passage of this amendment, Dixon filed a motion to correct illegal sentence. In his motion to correct illegal sentence, Dixon contended the failure to apply the law retrospectively constituted cruel and unusual punishment. The district court denied Dixon's motion, and Dixon filed a notice of appeal. However, there is no appeal as a matter of right from the denial of a motion to correct illegal sentence. *See State v. Propps*, 897 N.W.2d 91, 96 (Iowa 2017). The supreme court ordered Dixon's notice of appeal be treated as a petition for writ of certiorari and, at its discretion, granted the petition. The supreme court transferred the case to this court for disposition on the merits.

The United States Constitution prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. While there is authority standing for the proposition that the Eighth Amendment was only meant to limit the methods of punishment, the Supreme Court has unambiguously concluded the Eighth Amendment is available to challenge "sentences for terms of years." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). The Eighth Amendment "is applicable to the States through the Fourteenth Amendment." *Rhodes v. Chapman*, 452 U.S. 337, 344–45 (1981). Article I, section 17 of the Iowa Constitution also prohibits the infliction of "cruel and unusual punishment." Although Dixon raises his claim under both the Federal and Iowa Constitutions, he does not argue for a different standard under the Iowa Constitution. "Where a party raises issues under the Iowa Constitution and the Federal Constitution, but does not suggest a different standard be applied under the Iowa Constitution, we generally apply the federal

standard." *State v. Edouard*, 854 N.W.2d 421, 452 (Iowa 2014) (Appel, J., concurring specially).

The defendant comes at the question orthogonally. He does not contend his sentence is cruel and unusual within the meaning of our caselaw. Under our caselaw, the defendant may make a categorical challenge to his sentence in which he contends "a particular sentencing practice violated the Eighth Amendment." *State v. Oliver*, 812 N.W.2d 636, 640 (Iowa 2012). Under our caselaw, the defendant may also make a "gross proportionality challenge to [the] particular defendant's sentence." *Id.* If Dixon had asserted these claims, he would not have been entitled to any relief; the supreme court has held the sentences at issue are not cruel and unusual punishments. *See State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (holding "[t]here is nothing cruel and unusual about punishing a person committing *two* crimes more severely than a person committing only one crime, which is the effect of consecutive sentencing"); *State v. Hoskins*, 586 N.W.2d 707, 709 (Iowa 1998) (holding defendant's "ten-year sentence imposed upon a conviction of second-degree robbery, of which [defendant] is required to serve 100%, [does not] lead to an inference of gross disproportionality"). Moreover, the ameliorative sentencing provision here does not change the term of Dixon's sentence. Rather, the provision only affords the district court some discretion in setting the mandatory minimum sentence. The Supreme Court has stated "[t]here can be no serious contention . . . that a sentence which is not otherwise cruel and unusual becomes so simply because it is 'mandatory.'" *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991). Rather than asserting these cognizable but ill-fated claims, Dixon contends the legislature's failure to make the ameliorative sentencing

provision retrospective is cruel and unusual because the failure to make the provision retrospective undermines the State's interest in rehabilitation, deterrence, and retribution.

Whatever the merits of the defendant's policy argument, his argument is not of constitutional consequence. "The legislature possesses the inherent power to prescribe punishment for crime, and the sentencing authority of the courts is subject to that power." *State v. Iowa Dist. Ct.*, 308 N.W.2d 27, 30 (Iowa 1981). It is solely the legislature's prerogative to set punishments that balance the State's interest in achieving certain penological interests with the State's other interests in the administration of criminal justice. Here, the State has significant interests in making the ameliorative sentencing provision prospective only. There is both an administrative and financial burden associated with resentencing offenders. *See Clayton v. Iowa District Ct.*, __ N.W.2d __, 2017 WL 4570477, at *3 (Iowa Ct. App. 2017). More important, "the State has a strong policy interest both in maintaining the integrity of sentences that were valid when imposed and in promoting the finality of sentences." *Id.* While there are constitutional bounds the legislature may not transgress in crafting punishments, limiting an ameliorative sentencing provision to provide prospective relief is not one. *See Dorsey v. United States,* 567 U.S. 260, 273 (2012) (stating as a general rule that statutes are not retroactive in the absence of an express provision or necessary implication that Congress intends to the contrary); *Dillon v. United States*, 560 U.S. 817, 828 (2010) ("We are aware of no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent [ameliorative amendments]."); *United States v. Haines*, 855 F.2d 199, 200 (5th Cir. 1988)

("[T]here is absolutely no constitutional authority for the proposition that the perpetrator of a crime can claim the benefit of a later enacted statute which lessens the culpability level of that crime after it was committed."); *United States v. Sorondo*, 845 F.2d 945, 948 (11th Cir. 1988) ("Congress is certainly empowered to pass laws which lessen the severity of previous sentencing provisions, and it need not do so retroactively."); *Clayton*, 2017 WL 4570477, at *3 (rejecting an equal protection challenge to the statute at issue and stating "[w]e afford broad deference to the legislature in setting the penalties for criminal conduct and in determining when the penalties are to go into effect").

The legislature's decision to not extend sentencing relief to those whose convictions were final prior to the enactment does not make previously constitutional sentences cruel and unusual after the fact. Indeed, prospective application of sentencing amendments is the general practice and is not in any sense "cruel and unusual."

> The Blewetts persist that their sentences became cruel and unusual when Congress passed the Fair Sentencing Act. But the Eighth Amendment is not a ratchet that makes a harsher system of penalties unconstitutional the moment a more lenient one is (prospectively) adopted, a theory that would have the perverse effect of discouraging lawmakers from ever lowering criminal sentences. Withholding the benefits of a change from previously sentenced defendants at any rate is not "unusual;" it is the general practice in federal sentencing.

*United States v. Blewett*, 746 F.3d 647, 660 (6th Cir. 2013).

Courts that have directly considered whether the constitutional prohibition against cruel and unusual punishments requires retrospective application of an ameliorative sentencing provision have concluded it does not. *See Colbert v. Nelson*, No. 95-3003-DES, 1996 WL 459834, at *2 (D. Kan. July 29, 1996) ("It is

the province of the legislature to set criminal penalties for crimes and these need not operate retrospectively. Petitioner's attempt to buttress his claim of cruel and unusual punishment by comparing penalties under different statutes must, therefore, be rejected."); *State v. Bischoff*, F02BCR140281226S, 2017 WL 7053741, at *3 (Conn. Super. Ct. Dec. 22, 2017) (rejecting disproportionality challenge outside capital sentence where legislature did not make ameliorative provision retroactive); *State v. Woodman*, 702 N.E.2d 974, 977 (Ohio Ct. App. 1997) ("Defendant, however, does not contend that his sentence was outside the bounds of a proper sentence at the time it was imposed. . . . [T]he amendment of a criminal statute reducing the punishment for its violation does not render a more severe sentence, imposed under the former statute, cruel and unusual."); *Pollard v. State*, 521 P.2d 400, 402 (Okla. Crim. App. 1974) (rejecting Eighth Amendment challenge and holding "in the event a person is convicted under a statute and subsequent to his conviction the Legislature redefines the crime and reduces the punishment therefore, such subsequent enactment cannot modify the final judgment and sentence entered prior to its enactment"). The defendant cites no authority to the contrary, and we find none.

We hold the prohibition against cruel and unusual punishments set forth in the federal and state constitutions does not require retrospective application of the ameliorative sentencing provision set forth in Code section 902.12(3) to those convictions occurring before July 1, 2016. The district court did not err in denying the defendant's motion to correct illegal sentence.

**WRIT ANNULLED.**